UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL CACOPERDO,　　　　　　　　　　Civ. Act. No.: 10-civ-7847 (RPP)

　　　　　　　　　Plaintiff,　　　　　　　　**ANSWER TO COMPLAINT**

　-against-

HARTFORD LIFE INSURANCE COMPANY,　　　DOCUMENT
　　　　　　　　　　　　　　　　　　　　　　ELECTRONICALLY FILED

　　　　　　　　　Defendant.
---------------------------------------------------------------X

　　　　Defendant, Hartford Life Insurance Company ("Hartford"), by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

## THE PARTIES

　　　　FIRST.　　　　Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court.

　　　　SECOND.　　　　Denies each and every allegation contained in paragraph "2" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court except admits Hartford is a foreign life insurance company duly authorized to conduct business in the State of New York with its principal place of business at 200 Hopmeadow Street, Simsbury, CT 06089.

　　　　THIRD.　　　　Denies each and every allegation contained in paragraph "3" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Hartford is a foreign life insurance company duly authorized to conduct

business in the State of New York with its principal place of business at 200 Hopmeadow Street, Simsbury, CT 06089.

FOURTH.   Denies each and every allegation contained in paragraph "4" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff was employed by The Stop & Shop Supermarket Co. ("Stop & Shop"), and further admits that CNA Group Life Assurance Company ("CNA") issued a group policy of insurance to Stop & Shop to fund benefits under its employee long term disability ("LTD") plan with a policy number of SR-83147923 (the "Plan").

FIFTH.   Denies each and every allegation contained in paragraph "5" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Hartford is the successor-in-interest to CNA, and has assumed all rights, privileges, duties and responsibilities under the Plan, including but not limited to administering all claims for benefits under the Plan pursuant to a full grant of discretionary authority.

SIXTH.   Admits the truth of each and every allegation contained in paragraph "6" of plaintiff's Complaint.

**JURISDICTION AND VENUE**

SEVENTH.   Admits the truth of each and every allegation contained in paragraph "7" of plaintiff's Complaint.

EIGHTH.   Denies each and every allegation contained in paragraph "8" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits venue in the Southern District of New York is appropriate.

NY/630773v1

NINTH.	Denies each and every allegation contained in paragraph "9" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits venue in the Southern District of New York is appropriate.

**FACTS**

TENTH.	Denies each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff was employed by Stop & Shop for a portion of the time stated in the Complaint.

ELEVENTH.	Denies each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff was employed by Stop & Shop and further admits that CNA issued a group policy of insurance to Stop & Shop to fund benefits under the LTD Plan and that Hartford is the successor-in-interest to CNA and the claim administrator for the Plan.

TWELFTH.	Denies each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

THIRTEENTH. Denies each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FOURTEENTH. Denies each and every allegation contained in paragraph "14" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FIFTEENTH. Denies each and every allegation contained in paragraph "15" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff stopped work at Stop & Shop on February 28, 2005, based on complaints of lumbar and cervical pain, and that he was still enrolled in the Plan as a participant on that date.

SIXTEENTH. Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff submitted an application for Plan benefits pursuant to the terms of the Plan.

SEVENTEENTH. Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that Hartford approved plaintiff's claim based on its finding that he satisfied the Plan's definition of disability, and that Plan benefits continued to be paid to plaintiff from August 29, 2005 until January 26, 2010.

EIGHTEENTH. Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint.

NINETEENTH. Denies each and every allegation contained in paragraph "19" of plaintiff's Complaint as alleged, except admits Hartford has not paid plaintiff any Plan benefits after January 26, 2010 because he failed to submit proof demonstrating that he continued to meet the Plan's definition of disability beyond that date.

TWENTIETH. Denies each and every allegation contained in paragraph "20" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIRST. Denies each and every allegation contained in paragraph "21" of plaintiff's Complaint as alleged, except admits Hartford has not paid plaintiff any Plan benefits after January 26, 2010 because he failed to submit proof demonstrating that he continued to meet the Plan's definition of disability beyond that date.

NY/630773v1

TWENTY-SECOND.  Denies each and every allegation contained in paragraph "22" of plaintiff's Complaint.

TWENTY-THIRD.  Denies each and every allegation contained in paragraph "23" of plaintiff's Complaint.

TWENTY-FOURTH.  Denies each and every allegation contained in paragraph "24" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-FIFTH.  Denies each and every allegation contained in paragraph "25" of plaintiff's Complaint.

TWENTY-SIXTH.  Denies each and every allegation contained in paragraph "26" of plaintiff's Complaint.

TWENTY-SEVENTH.  Denies each and every allegation contained in paragraph "27" of plaintiff's Complaint.

TWENTY-EIGHTH.  Admits the truth of each and every allegation contained in paragraph "28" of plaintiff's Complaint.

TWENTY-NINTH.  Denies each and every allegation contained in paragraph "29" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTIETH.  This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Hartford.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

THIRTY-FIRST.	The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

THIRTY-SECOND.	Hartford acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for his claims in this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

THIRTY-THIRD.	All actions about which plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

THIRTY-FOURTH.	Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

THIRTY-FIFTH.	Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

THIRTY-SIXTH.	Defendant Hartford, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan

NY/630773v1

and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Hartford is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. Defendant's decision making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH.    To the extent (and without admitting that) the plaintiff was entitled to continuing benefits as of the date Hartford determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any non-mental/psychiatric/psychological disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH.    The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Hartford in the regular course of its business.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH.    Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents for all Plans identified in the Complaint.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FORTIETH. To the extent necessary, defendant denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-FIRST. Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to Hartford's evaluation of plaintiff's claim for benefits under the applicable Plan documents.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND. Plaintiff's claim for attorneys' fees pursuant to 29 U.S.C. § 1132 (g) is premature because he has not achieved any success on the merits of this action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD. If plaintiff is entitled to any payment of benefits, which defendant denies, such payment must be reduced and offset by any other income benefits or set-offs, as defined in the applicable Plan documents and instruments, that were or may be payable to him.

**WHEREFORE**, defendant Hartford prays:

a. That the action be dismissed, or that judgment be entered in favor of defendant Hartford and against plaintiff;

b. That defendant Hartford be awarded costs of suit incurred herein;

c. That defendant Hartford be awarded reasonable attorney's fees; and

NY/630773v1

 

      d.      That defendant Hartford be awarded such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
              January 11, 2011

Respectfully submitted,

/s/
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(SDMA File No. 02489-000101)
*Attorneys for Defendant*
Hartford Life Insurance Company

TO:    Jason Newfield, Esq. (JN-5529)
        FRANKEL& NEWFIELD, P.C.
        585 Stewart Avenue – Suite 312r
        Garden City, New York 11530
        Telephone: (516) 222-1600
        *Attorneys for Plaintiff*

10

NY/630773v1

d.  That defendant Hartford be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 11, 2011

Respectfully submitted,

/s/
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(SDMA File No. 02489-000101)
*Attorneys for Defendant*
Hartford Life Insurance Company

TO: Jason Newfield, Esq. (JN-5529)
FRANKEL& NEWFIELD, P.C.
585 Stewart Avenue – Suite 312r
Garden City, New York 11530
Telephone: (516) 222-1600
*Attorneys for Plaintiff*

10

NY/630773v1

## **CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER TO COMPLAINT** (on behalf of Hartford Life Insurance Company) was served by **ECF and Regular Mail** on January 11, 2011, upon the following:

Jason Newfield, Esq.
FRANKEL& NEWFIELD, P.C.
585 Stewart Avenue – Suite 312r
Garden City, New York 11530
Telephone: (516) 222-1600
*Attorneys for Plaintiff*

        s/
MICHAEL H. BERNSTEIN (MB 0579)