Avery K. Williams (Mich. State Bar No. P34731,
*Pro Hac Vice* Admission to Be Requested)
WILLIAMS ACOSTA, PLLC
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873
Email:  awilliams@williamsacosta.com

-and-

Joseph A. Vogel (JV-5533)
KRAVET & VOGEL, LLP
1040 Avenue of the Americas, Suite 1101
New York, New York 10018-3703
(212) 997-7634
Email:  jvogel@kvnyc.com

*Attorneys for Defendant*
*MLS National Medical Evaluations, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| MICHAEL CACOPERDO, | ) | 10 CV 7847 (RPP) |
| | ) | ECF |
| Plaintiff, | ) | |
| | ) | **DEFENDANT MLS** |
| | ) | **NATIONAL MEDICAL** |
| - against - | ) | **EVALUATIONS, INC.'S** |
| | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF ITS NOTICE OF** |
| HARTFORD LIFE INSURANCE COMPANY; | ) | **CONCURRENCE IN** |
| MLS National Medical Evaluations, Inc. and | ) | **DEFENDANT MEDICAL** |
| Medical Evaluation Specialists, Inc. d/b/a MES | ) | **EVALUATION SPECIALISTS,** |
| Solutions | ) | **INC.'S MOTION TO DISMISS** |
| | ) | **AND MOTION TO JOIN IN** |
| Defendants. | ) | **THE RELIEF REQUESTED** |
| | ) | |
| | ) | |
| | ) | |

---

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**………………………………………………………………………...i

**TABLE OF CITATIONS**……………………………………………………………………..ii

**SUMMARY OF ARGUMENT**………………………………………………………………….1

**ARGUMENT**
      I.   **Plaintiff's state law claim against MLS is preempted by ERISA**…………………2
      II.  **Plaintiff cannot state a claim under ERISA because MLS is not a
           plan fiduciary**……………………………………………………………………...3

**CONCLUSION**……………………………………………………………………………..4

# TABLE OF CITATIONS

*Case Authority*

*Aetna Life Ins. Co. v. Borges*, 869 F.2d 142 (2nd Cir.)……………………………………….. 2

*NYS Health Maintenance Organization Conference v. Curiale*, 64 F.3d 794 (2nd Cir. 1995).…. 3

*Pilot Life Ins. Co. v. Dadeaux*, 481 U.S. 41 (1987) ………………………………………….2

*Pegram v. Herdrich*, 530 U.S. 211 (2000) …………………………………………………..3

*Statutory Authority*

29 U.S.C. §1001, et seq.……………………………………………………………………………1

29 U.S.C. §1002(21)(A) …………………………………………………………………..3

29 U.S.C. §1109(a) ………………………………………………………………………….3

29 U.S.C. §1144(a) ………………………………………………………………………….2

Defendant MLS National Medical Evaluations, Inc. ("MLS") respectfully submits this memorandum of law in support of its proposed Concurrence in Defendant Medical Evaluation Specialists, Inc.'s ("MES") April 18, 2011 Motion to Dismiss, and also as further support for MLS's Motion to Join in the Relief Requested by MES's Motion to Dismiss.

## SUMMARY OF ARGUMENT

Plaintiff Michael Cacoperdo ("Plaintiff") fails to state a claim against MLS for which relief can be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff brought suit against MLS by filing an Amended Complaint, upon information and belief, without leave of this Court or the consent of Defendant Hartford Life Insurance Company ("Hartford"). The Amended Complaint adds MLS to the third cause of action, apparently under an ancillary state law claim of inducing Hartford to breach of contract.

Plaintiff's cause of action against MLS for inducement of Hartford to breach of contract is preempted by the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. §1001, et seq. Plaintiff's claim relates to the administration of an employee benefit plan, and would create a cause of action outside the exclusive recourse for plan beneficiaries established by ERISA. Moreover, MLS is not a fiduciary under the employee benefit plan at issue. As such, MLS cannot be liable under Plaintiff's exclusive ERISA remedies. Plaintiff therefore has not and cannot state a claim against MLS for which relief can be granted under Fed. R. Civ. P. 12(b)(6).

MES's Motion to Dismiss dated April 18, 2011 is substantially consistent with MLS's own factual and legal basis for moving to dismiss Plaintiff's claim. For the reasons set forth herein, MLS concurs in MES's Motion to Dismiss and it also respectfully moves this Court to enter an order dismissing Plaintiff's claims and granting the same relief requested by MES.

1

## ARGUMENT

### I.   Plaintiff's state law claim against MLS is preempted by ERISA

Plaintiff's state law claim for inducement of Hartford to breach of contract against MLS fails because it is preempted by ERISA. ERISA's framework governing employee benefit plans "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee plan…" ERISA §514(a); 29 U.S.C. §1144(a). Consequently, claims that "have a connection with or reference to" employee benefit plans may only be brought under the civil enforcement regime set forth in ERISA §502. *Pilot Life Ins. Co. v. Dadeaux*, 481 U.S. 41, 47, 54 (1987).

A claim, such as the state law claim Plaintiff proffers here, "which 'provide[s] an alternative cause of action to employees to collect benefits protected by ERISA, refer[s] specifically to ERISA plans and appl[ies] solely to them, or interfere[s] with the calculation of benefits owed to an employee' breaches ERISA's regulatory reach." *NYS Health Maintenance Organization Conference v. Curiale*, 64 F.3d 794, 798 (2nd Cir. 1995) (*quoting Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146 (2nd Cir.)). Therefore, this claim is preempted by ERISA and Plaintiff's state law claim cannot be sustained.

Plaintiff's claim unequivocally is a claim relating to the administration of an employee benefit plan. Plaintiff claims that MLS "intentionally induced Hartford to breach" its contract with Plaintiff as a result of services provided by MLS in connection with Hartford's administration of the employee benefit plan.

Plaintiff's attempt to create an alternative state law cause of action to collect benefits protected by ERISA is a reach and an expansion of the law. Plaintiff's claim against MLS is based on independent medical review services to Hartford, and so clearly connects with and references Hartford's administration of the employee benefit plan—specifically, Hartford's

determination regarding Plaintiff's eligibility for benefits.  Because MLS's services relate to the employee benefit plan, they are governed, and preempted, by ERISA.  Plaintiff's requested relief dramatizes this fact; Plaintiff demands relief against MLS in "the amount of disability insurance benefits that Plaintiff would have been entitled to" under Plaintiff's contract with Hartford.  Plaintiff's claim is nothing more than an alternative cause of action to collect ERISA benefits, and it is therefore preempted.  Plaintiff has failed to state a claim upon which relief can be granted.

## II. Plaintiff cannot state a claim under ERISA because MLS is not a plan fiduciary

Plaintiff's sole, unasserted remedy against MLS is also unavailable because MLS is not a plan fiduciary.  Plan fiduciaries are liable for breaches of their "responsibilities, obligations, or duties." ERISA §409(a); 29 U.S.C. §1109(a).  A person acts as a plan fiduciary when he exercises discretionary control or authority over the plan's management, assets or administration of that plan. ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).  By simply providing independent medical review services to Hartford and rendering a medical judgment regarding Plaintiff's capabilities, MLS did not exercise control or authority over the plan's management, assets or administration.  MLS hast not rendered an eligibility determination as to Plaintiff's claim for benefits.  Instead, MLS's services consisted entirely of independent record review utilizing medical judgment. In *Pegram v. Herdrich*, 530 U.S. 211 (2000), the Supreme Court refused to extend fiduciary obligations to eligibility decisions mixed with medical judgments. *Id.*, at 231.  Given that MLS's services were based solely on medical judgment, they do not qualify it as a plan fiduciary.  Because MLS is not a plan fiduciary, it cannot be liable under ERISA §502.

Because ERISA is Plaintiff's exclusive remedy, and MLS is not liable under ERISA, Plaintiff has not and cannot state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, MLS believes that the order joining MLS in the relief granted by MES's Motion to Dismiss dated April 18, 2011 and dismissing Plaintiff's Amended Complaint as to MLS should be granted.

Date: May 9, 2011

**WILLIAMS ACOSTA, PLLC**

By:   s/ Avery K. Williams

Avery K. Williams (Mich. State Bar No. P34731,
*Pro Hac Vice* Admission to Be Requested)
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873
Email:  awilliams@williamsacosta.com

-and-

**KRAVET & VOGEL, LLP**

By:   s/ Joseph A. Vogel
Joseph A. Vogel (JV-5533)
1040 Avenue of the Americas, Suite 1101
New York, New York  10018-3703
(212) 997-7634
Email:  jvogel@kvnyc.com

*Attorneys for Defendant*
*MLS National Medical Evaluations, Inc.*