**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 05-185-JBC

TERRY HALL,

                Plaintiff,

v.

MLS NATIONAL MEDICAL
EVALUATIONS, INC.,

                Defendant.

                DECLARATION OF ROBERT J.
                ROSATI IN SUPPORT OF
                PLAINTIFF'S MOTION FOR LEAVE
                TO AMEND COMPLAINT

I, Robert J. Rosati, declare and state as follows:

1. I am an attorney duly licensed and admitted to practice before all courts in the State of California and further admitted to practice before various district courts and appellate courts in the federal court system.

2. I make this declaration in support of Plaintiff's Motion For Leave To Amend his Complaint.

1

**EXHIBIT 2**

3. I represent Plaintiff, David Cleveland in a case entitled *David Cleveland v. Liberty Life Assurance Company of Boston, et al.*, United States District Court, Eastern District of Michigan Case No. 2:06-cv-13780 (the "*Cleveland* Action").

4. The *Cleveland* Action is a claim for long term disability benefits under ERISA, 29 U.S.C. §1100, et seq.

5. After the Complaint was filed in the *Cleveland* Action and the defendants answered, defendants produced the "administrative record" of Plaintiff, Cleveland's claim for long term disability benefits. Included in the administrative record was an opinion letter from Dr. Robert Weiner on letterhead of MLS National Medical Evaluations, Inc. ("MLS"). A true and correct copy of the "Independent Peer Review" letter dated September 19, 2005 is attached hereto and incorporated herein as Exhibit 1.

6. Pursuant to court order, I caused the deposition of Dr. Robert Weiner to be taken in the *Cleveland* Action; that is, I retained counsel in Boston, Massachusetts to take the deposition for me.

7. At the time of the deposition, Dr. Weiner produced, as part of Exhibit 3 to his deposition, the report he actually prepared for MLS in the *Cleveland* Action. A true and correct copy of that report is attached hereto as Exhibit 2. He also provided his billing, dated September 14, 2005, a true and correct copy of which is attached hereto as Exhibit 3.

8. Attached hereto as Exhibit 4 is a true and correct excerpt in the transcript of Dr. Weiner's deposition given in the *Cleveland* Action. Although MLS provides a dictation transcription service, he did not use that service. Instead, he had the report typed himself, and

2

faxed and mailed a hard copy of the report to MLS. Weiner Dep. 21:12-19; 31:23-32; 35:21-36:11. Therein, as relevant here, Dr. Weiner explained:

    A.    He prepared, on his own letterhead, Exhibit 2 and sent it to MLS.

    B.    He did not authorize MLS to sign his name or otherwise attach his signature to any report. Weiner Dep. 36:12-14.

    C.    He did not revise his report. Weiner Dep. 37:4-5.

9.    As can be readily seen, Exhibit 1 and Exhibit 2 are formatted differently, have cosmetic changes from one document to the next, and have two substantive changes that, in my opinion, are significant and material in the context of the *Cleveland* Action. Specifically:

    A.    Dr. Weiner's actual report is dated August 14, 2005. (This appears to be a typographical error - - but the issue is not addressed in his deposition.)

    B.    The report is on Dr. Weiner's own letterhead, not MLS' letterhead.

    C.    The report is four pages; the MLS report is seven pages. This principally reflects formatting changes.

    D.    There are other minor cosmetic changes, ("thirteen" changed to "13"; "January 2, 2004": changed to "01/02/04").

    E.    The first substantive alteration is the inclusion of the heading "Conclusion" and the text of the question presented, which was inserted before the paragraph beginning "In my opinion".

    F.    The second substantive alteration is in the paragraph beginning on page 3 of Exhibit 2 and beginning on page 6 of Exhibit 1: Dr. Weiner wrote "does not have a

3

psychiatric impairment that disables him from employment" is modified to add the following qualifying phrase "...from employment 'beyond 03/28/05."

10. The inclusion of the question into the text of the opinion and the qualifying modification substantially changes the context of the opinion:

    A. First, most of the letter - - whether Dr. Weiner's or MLS' - - is simply a summary of materials reviewed. Only two paragraphs of each letter actually analyzes Cleveland's medical condition.

    B. Second, the second paragraph of the analysis, beginning "The medical record does not indicate that Mr. Cleveland's work played a causal or exacerbating role in his cardiac illness..." is simply irrelevant to the *Cleveland* action. The issue is not whether Cleveland's work played a role in Mr. Cleveland's condition; the issue is whether Mr. Cleveland was totally disabled under the terms of the Policy - - a question not presented to Dr. Weiner or answered by Dr. Weiner. Furthermore, even within the question presented to Dr. Weiner, the second paragraph of his analysis simply is inapplicable.

    C. By including the question and the qualifying phrase, it appears that Dr. Weiner is attempting to answer the question - - when, in fact, he did not do so.

11. Finally, Dr. Weiner never signed or authorized his signature on Exhibits 1, the MLS letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called as a witness I could testify competently thereto.

4

Executed at Fresno, California on the 20th day of March, 2008.

_____
ROBERT J. ROSATI