**EXHIBIT E**

1 | Laurence F. Padway (SBN: 083914)
Karen K. Wind (SBN: 124852)
2 | Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
3 | Alameda, California 94501
Phone:  (510) 814-0680
4 | Fax:  (510) 814-0650

5 | Attorneys for Plaintiff,
PATRICIA WHITE

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | PATRICIA WHITE,                              No. CV-10-1855 BZ

12

13 |               Plaintiff,          **DECLARATION OF**
         vs.                          **LAURENCE F. PADWAY**

14

15 | COBLENTZ, PATCH, DUFFY
AND BASS, LLP LONG TERM
DISABILITY INSURANCE PLAN,

16

17 |               Defendant.
_____/          Honorable Bernard Zimmerman

18 | THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

19

20 |          Real Party In Interest.
_____/

21

22

23 |          I, Laurence F. Padway, hereby declare under penalty of perjury that:

24

25 |          1. I am one of the attorneys for plaintiff.

26

27 |          2. I attach as exhibit 1 supplemental documents received from Defendants bate

28 | stamped DSUPP 1-40, which consist of the following materials, all of which have been claimed by

the producing party to be "confidential" under the protective order filed March 18, 2011.

---

Dec. L. Padway                              1

3.  Pages 1 to 8 show the payments made by Prudential Insurance Company of America to MLS National Medical Evaluation Services for the years 2006-2009 as follows:

| | |
|---|---|
| 2006 | No records produced |
| 2007 | $1,818,725. |
| 2008 | 1,905,709. |
| 2009 | 1,234,063. |

4.  Pages 9 - 17 show payments made by Prudential Insurance Company of America to MES Medical Evaluation Specialists as follows:

| | |
|---|---|
| 2006 | 5,575 |
| 2007 | 650 |
| 2008 | 369,031 |
| 2009 | 400,992 |

5.  In the case of both companies, the exhibits are relatively illegible.  Moreover, there are multiple forms for some years and no explanation for this has been provided. However, the summary in paragraphs 3 and 4 above show the totals shown paid to the respective companies in the respective years, as best as I can make out from the documents.

6.  Pages 18-34 appear to be a copy of the contract between Dr. Trenton Gause and MLS Medical Evaluation Services.  The important points about the contract are:

A.  On page DSUPP 21, the fees paid to Dr. Gause have been removed.  To the extent that a fee of $200 implies one level of review where a fee of $1000 implies a more thorough review, the information on how much Dr. Gause receives per review has been redacted.  It is important to note that Dr. Gause is paid on a "per review" basis, so that a more complicated case with a large number of records is paid at the same rate as a less complicated case with few records.

Dec. L. Padway                                    2

1         B. MLS is authorized to affix the signature of Dr. Gause to reports. DSUPP 32.

2 Accordingly, the mere fact that the signature of Dr. Gause appears on the report does not bear the

3 same type of quality assurance that is implied when the author of a document affixes his signature

4 personally in part as a representation that he has read, reviewed and considered the report.

5

6         C. A review of the "Peer Review" order which appears at DSUPP 35, instructs

7 Dr. Gause to avoid any "opinions" and limit himself considering and reciting "medical evidence,"

8 which appears to exclude pain.

9

10

11

12         Execute this 30th day of March, 2011, at Alameda, California.

13

14

15          /s/ Laurence F. Padway
         Laurence F. Padway

16

17

18

19

20

21

22

23

24

25

26

27

28

Dec. L. Padway                 3