UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

MICHAEL CACOPERDO,  :  Civ. No.:10-cv-7847 (RPP)
        Plaintiff  :
    :
-against-  :
    :
HARTFORD LIFE INSURANCE COMPANY,  :
MLS NATIONAL MEDICAL EVALUATIONS,  :
INC., AND MEDICAL EVALUATION  :
SPECIALISTS, INC. d/b/a MES SOLUTIONS,  :
        Defendants  :

------------------------------------x

---

**MEDICAL EVALUATIONS SPECIALISTS'
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

---

                                                 WHITE AND WILLIAMS LLP
                                               One Penn Plaza
                                               Suite 4410 – 41st Floor
                                               New York, NY 10119
                                               212.631.4406
                                               *Attorneys for Defendant Medical Evaluation
                                               Specialists, Inc. d/b/a MES Solutions*

*Of Counsel and on the Brief:*
Andrew I. Hamelsky, Esquire

*On the Brief:*
Kim Kocher, Esquire

# TABLE OF CONTENTS

TABLE OF CITATIONS ........................................................................................... ii

ARGUMENT ............................................................................................................. 1

    I.  PLAINTIFF'S CLAIM AGAINST MES IS PREEMPTED ....................... 1

    II.  PLAINTIFF FAILED TO STATE A CLAIM FOR TORTIOUS
         INDUCEMENT ......................................................................................... 4

    III. PLAINTIFF'S RESPONSE IS PROCEDURALLY DEFECTIVE ........... 5

CONCLUSION .......................................................................................................... 6

7803094v.1

# TABLE OF CITATIONS

*Black & Decker Disability Plan v. Nord*,
    538 U.S. 822 (2003)..................................................................................................1

*Dishman v. Unum Life Insurance Co.*,
    269 F.3d 974 (9th Cir. 2001) ....................................................................................2

*Dubuc v. El-Magrabi*,
    2010 WL 3564838 (Mich. App. 2010) .....................................................................4

*Global Network Communications, Inc. v. New York*,
    458 F.3d 150 (2d Cir. 2006)......................................................................................5

*Hall v. MLS National Medical Evaluations, Inc.*,
    2006 WL 2367139 (E.D. Ky. Aug. 15, 2006)........................................................3, 4

*Marks v. Newcourt Credit Group*,
    342 F.3d 444 (6th Cir. 2002) ....................................................................................3

*Marks v. Smith*,
    65 A.D.3d 911, 885 N.Y.S.2d 463 (App. Div. 1st Dep't 2009).................................4

*Mertens v. Hewitt Assocs.*,
    508 U.S. 248 (1993)..................................................................................................1

*Nu-Life Const. Corp. v. Bd. of Educ. of City of New York*,
    204 A.D.2d 106, 611 N.Y.S.2d 529 (App. Div. 1st Dep't 1994)...............................4

*Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*,
    399 F.3d 692 (6th Cir. 2005) ....................................................................................3

*Pilot Life Ins. Co. v. Dedeaux*,
    481 U.S. 41 (1987)....................................................................................................1

*In re Tamoxifen Citrate Antitrust Litigation*,
    466 F.3d 187 (2d Cir 2006).......................................................................................5

*Testa v. Hartford Life Insurance Co.*,
    2001 WL 795055 (E.D.N.Y. March 1, 2011) ...........................................................4

*White v. Coblentz, Patch, Duffy and Bass, LLP Long Term Disability
Insurance Plan*,
    Dkt. No. CV-10-1855 (N.D. Cal.) .............................................................................4

## ARGUMENT

In the absence of either facts or law supporting his claim, Plaintiff devotes most of his efforts to maligning IME companies like MES and MLS. Ironically, Plaintiff selectively quotes from *Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003), which actually holds that an insurance company may rely on its own consultants because a claimant's physician may be biased in favor of finding disability. Plaintiff had the opportunity under the ERISA appeals process to discredit the IME physicians. By seeking to recover benefits under an ERISA plan through the guise of a state tort action, Plaintiff is merely attempting to circumvent ERISA. As Plaintiff's claim against MES plainly relates to his employer's long-term disability plan, it is necessarily preempted by ERISA. Even if not preempted, Plaintiff's claim is not viable because MES cannot be charged with tortious interference, as a matter of law, when it was merely performing its contractual obligations. Indeed, Plaintiff's theory that MES was acting in concert with Hartford defeats any possible finding of inducement.

## POINT I
## PLAINTIFF'S CLAIM AGAINST MES IS PREEMPTED

Plaintiff does not dispute that ERISA does not authorize a suit for money damages against non-fiduciaries. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253 (1993). Plaintiff is simply attempting to put an end-run around ERISA, but, by his own admission, his claims against MES relate to the administration of the Plan by Hartford and are therefore necessarily conflict-preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987).

Plaintiff alleges that MES intentionally caused Hartford to deny benefits under the plan. As a remedy, Plaintiff seeks the amount of disability insurance benefits that Plaintiff would have been entitled to under the policy. In other words, Plaintiff is attempting to hold MES liable for benefits under the policy on the basis of a state tort law claim that MES caused Hartford to

1

wrongfully terminate his benefits under the policy. The principal preemption case on which Plaintiff relies, *Dishman v. Unum Life Insurance Co.*, 269 F.3d 974 (9th Cir. 2001), compels the dismissal of his cause of action. In *Dishman*, the Ninth Circuit recognized that ERISA supplants a variety of state law causes of action for the wrongful denial of benefits, including tortious breach of contract, breach of fiduciary duty, and fraud in the inducement. *Id.* at 983. The Court set forth a clear-cut test for preemption that may be applied to this case: If there would be no ground for the state law cause of action if the insurer paid the claim, the claim is nothing but an ERISA benefits claim dressed up "in the garb of a state law tort." *Id.* at 983. In *Dishman*, the Court permitted a state tort claim against an insurance company for invasion of privacy perpetrated by the company's investigators. The Court reasoned that the invasion of privacy claim was separate from the plaintiff's claim for benefits. In other words, the plaintiff's damages for invasion of privacy remained regardless of whether the insurer paid his claim. *Id.* at 983.

In contrast, but for the denial of Cacoperdo's claim for benefits, there would be no grounds for his state tort law cause of action. In other words, if Hartford had paid him benefits, Plaintiff would have no claim for tortious interference against MES. Thus, to find MES liable for Hartford's non-payment of his claim would be tantamount to compelling benefits. Plaintiff is simply attempting to obtain by way of a tort remedy an alternate enforcement mechanism for the payment of benefits under the ERISA plan. Accordingly, Plaintiff's claim is preempted under the very case law he cites in support of his claim.

Plaintiff also misplaces reliance on *Hall v. MLS National Medical Evaluations, Inc.*, 2006 WL 2367139 (E.D. Ky. Aug. 15, 2006), which is factually distinguishable from this case.[1] In

---

[1] The District Court's decision in *Hall* also arguably conflicts with the Sixth Circuit precedent on which it purportedly relies. The Court cited *Marks v. Newcourt Credit Group*, 342 F.3d 444 (6th Cir. 2002), which allowed a state employee's claim against his employer because the conduct at

*Hall*, the plaintiff charged MLS with fraudulently changing an independent medical examiner's report before forwarding it to the insurer. The plaintiff's benefits were reinstated but he was permitted to recover damages for the breach. The conduct at issue was not within the scope of the MLS service contract, but deemed an independent breach of the duty of care.

In contrast, here, there is no question that Plaintiff's state law claim against MES "relates to" an employee benefit plan and, therefore, falls under ERISA's express preemption clause. Plaintiff's entire claim against MES is based on his alleged rights under the plan, the alleged breach of the terms of the plan, the alleged improper processing of his claim, and his alleged right to enforce the terms of the plan.

Plaintiff had ample opportunity through the administrative appeal process, including District Court review, to challenge the findings of the MES and MLS physicians. Plaintiff is simply trying to usurp the entire process by filing a state law cause of action for the same relief. He cannot have it both ways. If allowed to go forward, this case will open the door to suits against all vendors of insurers under ERISA such as physicians, IME companies, accountants, and surveillance companies any time the insurer denies benefits. Plaintiff's claim against MES should, therefore, be dismissed with prejudice.

---

issue related to the employment contract irrespective of the plan, and *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692 (6th Cir. 2005), which permitted an employer's claim against its record-keeper for breach of its service contract. Neither case stands for the blanket proposition that ERISA does not preempt state law claims for plan benefits that the claimant would have enjoyed but for the service provider's tort.

3

## POINT II
## PLAINTIFF FAILED TO STATE A CLAIM FOR TORTIOUS INDUCEMENT

Even if not preempted, Plaintiff has not established any viable tort claim. Plaintiff does not specifically identify his state tort law theory, but does not deny that it tracks the New York law of tortious inducement. Regardless, MES cannot be held liable for inducing Hartford to breach the disability benefits plan when MES merely performed its duties under its service contract with Hartford. *See Nu-Life Const. Corp. v. Bd. of Educ. of City of New York*, 204 A.D.2d 106, 107, 611 N.Y.S.2d 529 (App. Div. 1st Dep't 1994); *see also Marks v. Smith*, 65 A.D.3d 911, 916, 885 N.Y.S.2d 463 (App. Div. 1st Dep't 2009).[2] Indeed, Plaintiff's very contention that "MES and MLS here, in particular, are serving at the behest of Defendant Hartford, and are acting in concert with Defendant Hartford," Pl.'s Memo. Law at 11, defeats any claim that MES induced Hartford to terminate benefits. In other words, Plaintiff's theory is self-contradictory: If, as Plaintiff alleges, MES was acting at the behest of Hartford, MES cannot be found to have caused Hartford to terminate his benefits.

As MES was simply acting within the scope of its authority to provide IME services to Hartford, and there is no allegation that it breached its service contract, it cannot be liable for tortious interference with contract as a matter of law. For this independent reason, Plaintiff's claims against MES should be dismissed with prejudice.

---

[2] MES acknowledges that *Dubuc v. El-Magrabi*, 2010 WL 3564838, *3 (Mich. App. 2010), was reversed, 795 N.W.2d 593 (Mich. 2010), but the Supreme Court did so on procedural grounds without discussion of the controlling substantive law. Moreover, the case does not involve ERISA preemption or New York law.

## POINT III
## PLAINTIFF'S RESPONSE IS PROCEDURALLY DEFECTIVE

### A.   Plaintiff's Extraneous Materials Should Be Disregarded

"The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Global Network Communications, Inc. v. New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis in original).

Instead of defending the formal sufficiency of his pleading, Plaintiff improperly relies on materials extrinsic to his Amended Complaint, including a 2005 medical report from Plaintiff's claim file, an affidavit submitted in the *Hall* case, reports produced in the *Testa v. Hartford Life Insurance Co.*, 2001 WL 795055 (E.D.N.Y. Mar. 1, 2011) case, an email between MLS and Hartford concerning Plaintiff's claim, and an affidavit submitted in *White v. Coblentz, Patch, Duffy and Bass, LLP Long Term Disability Insurance Plan*, Dkt. No. CV-10-1855 (N.D. Cal.). *See* Pl.'s Memo. Law at 3-4, and Exhibits "A" through "E" appended thereto.

Nothing in the Amended Complaint would permit the Court to consider these materials on MES' Motion to Dismiss. *See id.* at 156. Plaintiff did not mention or rely on any of these materials in his Amended Complaint. And, the Court may not take judicial notice of the facts alleged in materials filed in another court. *Id.* at 157. Accordingly, the Court should disregard the "evidence" appended to Plaintiff's brief.

### B.   Plaintiff's Request for Leave to Amend Should Be Denied

Plaintiff also improperly requests leave to amend in lieu of dismissal of his action against MES. This Court has the discretion to deny leave to amend where it is reasonable to conclude that amendment would be futile. *In re Tamoxifen Citrate Antitrust Litigation*, 466 F.3d 187,

5

7803094v.1

220-21 (2d Cir 2006). In this case, under the theories presented in Plaintiff's Amended Complaint, Plaintiff will never be able to plausibly establish his state tort law claim or that it is not preempted. The extraneous materials on which Plaintiff relies do not support his claim. There is simply no evidence that would enable Plaintiff to overcome the legal hurdle of ERISA preemption and no evidence, in light of Plaintiff's own allegations, that would establish tortious inducement. Accordingly, the Court should deny Plaintiff's request for leave to amend as futile.

## CONCLUSION

Based on the foregoing, Plaintiff's request for leave to amend should be denied and his claim against MES should be dismissed with prejudice either on the basis of ERISA preemption or, alternatively, a failure to state a claim upon which relief can be granted under state tort law.

Date: June 20, 2011

Respectfully submitted,

Andrew I. Hamelsky, Esq.
White and Williams LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
Phone: 212-244-9500
E-mail: hamelskya@whiteandwilliams.com
*Attorneys for defendant Medical Evaluation Specialists, Inc. d/b/a MES Solutions*