# Exhibit D

Case 1:10-cv-07847-RPP   Document 71-1   Filed 06/01/12   Page 1 of 9

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York



| | |
|---|---|
| MICHAEL CACOPERDO | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 10 CIV 7847 |
| HARTFORD LIFE INSURANCE CO. | ) |
| Defendant | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Harford Life Ins. Co.
200 Hopmeadow St.
Simsbury, CT 06089

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Frankel & Newfield, P.C.
585 Stewart Ave., Suite 312
Garden City, NY 11530

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: OCT 1 4 2010

*Signature of Clerk or Deputy Clerk*

## WAIVER OF SERVICE OF SUMMONS

To: Frankel & Newfield, P.C.

I acknowledge receipt of your request that we waive service of a summons in the action of Michael Cacoperdo v. Hartford Life Insurance Company, which is case number 10 CV 7847 in the United States District Court for the Southern District of New York. We have also received a copy of the complaint in the action, two copies of this instrument, and a means by which we can return the signed waiver to you without cost to me.

We agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that we be served with judicial process in the manner provided by Rule 4.

We will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

We understand that a judgment may be entered against us if an answer or motion under Rule 12 is not served upon you within 60 days after October 18, 2010.

Date: October 27, 2010

Jason A. Newfield (JN-5529)
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 312
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL CACOPERDO,

          Plaintiff,

  - against -

HARTFORD LIFE INSURANCE COMPANY,

          Defendant.

ECF

**COMPLAINT**

---

Plaintiff, MICHAEL CACOPERDO, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendant HARTFORD LIFE INSURANCE COMPANY ("Hartford"), hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff MICHAEL CACOPERDO, was and still is a resident of the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Hartford is a publicly owned life insurance company with its principal place of business at 200 Hopmeadow Street, Simsbury, CT 06089.

3. Upon information and belief, at all times hereinafter mentioned, Defendant is a corporation duly licensed to conduct business in the State of New York.

4. Plaintiff worked for The Stop & Shop Supermarket Co. ("Stop & Shop"), who

provided a policy for Long Term Disability benefits (LTD benefits), under Plan Number SR-83147923, issued by CNA Group Life Assurance Company.

5. Hartford insures and/or administrated the group LTD policy, for the policy holder Stop & Shop for the benefit of certain of its employees.

6. Plaintiff was a "participant", as defined by 29 U.S.C. § 1002, in the Employee Benefit Plan providing Long Term Disability Benefits for employees of Stop & Shop ["the Plan"].

## JURISDICTION AND VENUE

7. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

8. Venue in the Southern District of New York is appropriate because Defendant Hartford resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

9. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

10. At all times hereinafter mentioned, Plaintiff was an employee of Stop & Shop.

11. During Plaintiff's employment with Stop & Shop, CNA Group Life Assurance Company issued to Stop & Shop a long term group disability income policy (hereinafter the "Policy"), and/or administered the Plan for Stop & Shop.

12. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Stop & Shop employees in exchange for the payment of premiums by Stop & Shop and/or the employees, including Plaintiff.

13. At all times mentioned herein, Plaintiff was and is an employee eligible for

2

disability benefits and an insured under the Policy.

14. Said policy provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

15. On or about February 2005, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

16. Plaintiff filed a claim for his long term disability benefits, cooperated with Defendant Hartford, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding the filing of a claim.

17. Plaintiff's claim for disability was accepted, and benefits were paid first for short term disability and then long term disability benefits paid from August 29, 2005 until January 26, 2010.

18. As of this date, Plaintiff continues to be disabled in that he is unable to perform all of the duties of his occupation, or any occupation as that term is defined in the policy, as a result of suffering from several co-morbid conditions, including but not limited to, back and neck pain, herniations and degenerative disc disease, joint disease in the knee and carpal tunnel syndrome, and other conditions, which have resulted in restrictions and limitations in functionality to an extent that they prevent Plaintiff from performing his occupation or any occupation as that term is defined in the Policy.

19. Despite Plaintiff's total disability, Defendant Hartford has declined to recognize Plaintiff's continued eligibility for benefits, beginning in January 2010, although payment thereof has been duly demanded.

20. Plaintiff continues to suffer from orthopedic problems that are well

documented in the medical records, through MRI results, medical records and information provided by Plaintiff.

21. Said refusal on the part of Defendant Hartford is a willful and wrongful breach of the policy terms and conditions.

22. Defendant Hartford is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim, for the Long Term Disability benefits that Plaintiff continues to be entitled to.

23. Defendant Hartford's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, instead relying upon paid paper medical reviews by biased and unqualified evaluators under the employ (directly or indirectly) of Hartford and/or its agents, the failure to consider the impact of his co-morbid physical conditions on his ability to perform all of the regular duties of his job, or any occupation as that term is defined in the policy, and the selective review of medical records. Defendant also terminated the claim in the absence of any significant improvement in Plaintiff's medical condition, and has failed to properly consider Plaintiff's award of Social Security disability benefits, under a more stringent standard of disability than that contained in the policy and despite Defendant compelling Plaintiff to apply for these benefits and securing a direct financial benefit from the award of Social Security disability benefits to Plaintiff. Defendant also ignored the opinions of Plaintiff's numerous treating providers, instead adopting the opinions of biased, paper reviewing physicians, who never met, examined or treated Plaintiff. Defendant also over emphasized the results of surveillance it obtained, which was not indicative of functionality on a sustained basis, as a strong basis of its claim decision.

24. Defendant Hartford's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

25. Defendant Hartford's biased, result oriented, claim handling failed to provide Plaintiff with a full and fair review of his claim.

26. Defendant Hartford has a documented history of biased claim administration of ERISA disability claims, and has undertaken no efforts to ensure that its claim handling is not influenced by its financial conflict of interest.

27. Defendant Hartford's claim handling demonstrates a bias against Plaintiff's claim due to its potential impact on Defendant Hartford's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

28. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

29. Plaintiff is entitled to a De Novo review of his claim.

**WHEREFORE**, Plaintiff MICHAEL CACOPERDO prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by and/or administered by Defendant in that he is unable to perform his occupation, or any occupation as that term is defined in the Policy;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and long term disability benefits through the date of judgment;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d)  Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e)  Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

f)  Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g)  Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       October 13, 2010

By: _____
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 312
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff