# EXHIBIT F

Jason A. Newfield (JN-5529)
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 312
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MICHAEL CACOPERDO, | |
| Plaintiff, | 10 CV 7847 |
| | ECF |
| - against - | |
| | (Jury Trial Demanded on Non-ERISA counts) |
| HARTFORD LIFE INSURANCE COMPANY, MLS National Medical Evaluations, Inc. and Medical Evaluation Specialists, Inc. d/b/a MES Solutions | **AMENDED COMPLAINT** |
| Defendants. | |

---

Plaintiff, MICHAEL CACOPERDO, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Amended Complaint against Defendant HARTFORD LIFE INSURANCE COMPANY ("Hartford"), MLS National Medical Evaluations, Inc. ("MLS") and Medical Evaluation Specialists, d/b/a/ MES Solutions ("MES"), hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff MICHAEL CACOPERDO, was and still is a resident of the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Hartford is a publicly owned life insurance company with its principal place of business at 200 Hopmeadow Street, Simsbury, CT 06089.

3.	Upon information and belief, at all times hereinafter mentioned, Defendant is a corporation duly licensed to conduct business in the State of New York.

4.	Defendant MES is Massachusetts corporation, with an office located at 700 Veterans Memorial Highway, Hauppauge, New York 11788.

5.	Upon information and belief, MES is authorized to do business in the State of New York and/or is doing business in the State of New York.

6.	Upon information and belief, at all relevant times, MES does or solicits business within the State of New York and/or engages in a persistent course of conduct in the State of New York and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York and/or expected or should reasonably have expected its acts or omissions to have consequences in the State of New York and/or derives substantial revenue from interstate or international commerce.

7.	MLS is a Michigan corporation, with an address of 29000 Inkster Road, Southfield, MI 48034.

8.	Upon information and belief, MLS is authorized to do business in the State of New York and/or is doing business in the State of New York. Upon information and belief, MLS is registered in New York to conduct business, with a registered agent as CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

9.	Upon information and belief, at all relevant times, MLS does or solicits business within the State of New York and/or engages in a persistent course of conduct in the State of New York and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York and/or expected or should reasonably have expected its acts or omissions to have consequences in the State of New York and/or derives substantial revenue from interstate

or international commerce.

10. Plaintiff worked for The Stop & Shop Supermarket Co. ("Stop & Shop"), who provided a policy for Long Term Disability benefits (LTD benefits), under Plan Number SR-83147923, issued by CNA Group Life Assurance Company.

11. Hartford insures and/or administrated the group LTD policy, for the policy holder Stop & Shop for the benefit of certain of its employees.

12. Plaintiff was a "participant", as defined by 29 U.S.C. § 1002, in the Employee Benefit Plan providing Long Term Disability Benefits for employees of Stop & Shop ["the Plan"].

## JURISDICTION AND VENUE

13. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

14. Venue in the Southern District of New York is appropriate because Defendant Hartford resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

15. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

16. At all times hereinafter mentioned, Plaintiff was an employee of Stop & Shop.

17. During Plaintiff's employment with Stop & Shop, CNA Group Life Assurance Company issued to Stop & Shop a long term group disability income policy (hereinafter the "Policy"), and/or administered the Plan for Stop & Shop.

18. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Stop & Shop employees in exchange for the payment of

premiums by Stop & Shop and/or the employees, including Plaintiff.

19. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy.

20. Said policy provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

21. On or about February 2005, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

22. Plaintiff filed a claim for his long term disability benefits, cooperated with Defendant Hartford, provided proper proof of loss, and otherwise compiled with the policy terms and conditions regarding the filing of a claim.

23. Plaintiff's claim for disability was accepted, and benefits were paid first for short term disability and then long term disability benefits paid from August 29, 2005 until January 26, 2010.

24. As of this date, Plaintiff continues to be disabled in that he is unable to perform all of the duties of his occupation, or any occupation as that term is defined in the policy, as a result of suffering from several co-morbid conditions, including but not limited to, back and neck pain, herniations and degenerative disc disease, joint disease in the knee and carpal tunnel syndrome, and other conditions, which have resulted in restrictions and limitations in functionality to an extent that they prevent Plaintiff from performing his occupation or any occupation as that term is defined in the Policy.

25. Despite Plaintiff's total disability, Defendant Hartford has declined to recognize Plaintiff's continued eligibility for benefits, beginning in January 2010, although payment

thereof has been duly demanded.

26. Plaintiff continues to suffer from orthopedic problems that are well documented in the medical records, through MRI results, medical records and information provided by Plaintiff.

27. Said refusal on the part of Defendant Hartford is a willful and wrongful breach of the policy terms and conditions.

28. Defendant Hartford is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim, for the Long Term Disability benefits that Plaintiff continues to be entitled to.

29. Defendant Hartford's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, instead relying upon paid paper medical reviews by biased and unqualified evaluators under the employ (directly or indirectly) of Hartford and/or its agents, the failure to consider the impact of his co-morbid physical conditions on his ability to perform all of the regular duties of his job, or any occupation as that term is defined in the policy, and the selective review of medical records. Defendant also terminated the claim in the absence of any significant improvement in Plaintiff's medical condition, and has failed to properly consider Plaintiff's award of Social Security disability benefits, under a more stringent standard of disability than that contained in the policy and despite Defendant compelling Plaintiff to apply for these benefits and securing a direct financial benefit from the award of Social Security disability benefits to Plaintiff. Defendant also ignored the opinions of Plaintiff's numerous treating providers, instead adopting the opinions of biased, paper reviewing physicians, who never met, examined or treated Plaintiff. Defendant also over emphasized the results of surveillance it obtained, which was not indicative of functionality on a sustained basis, as a strong basis of its claim decision.

30. Defendant Hartford's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

31. Defendant Hartford's biased, result oriented, claim handling failed to provide Plaintiff with a full and fair review of his claim.

32. Defendant Hartford has a documented history of biased claim administration of ERISA disability claims, and has undertaken no efforts to ensure that its claim handling is not influenced by its financial conflict of interest.

33. Defendant Hartford's claim handling demonstrates a bias against Plaintiff's claim due to its potential impact on Defendant Hartford's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

34. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

35. Hartford and MES and MLS derive a significant advantage by engaging in a symbiotic relationship whereby Hartford refers claim reviews to MES and MLS and MES and MLS create medical findings and opinions to justify Hartford's improper claim determinations.

36. Hartford utilized both MES and MLS in this case to support their improper claim determination.

37. MLS's conduct is motivated by an improper financial motive and desire to enhance its revenues and to ensure that it continues to receive a high volume of claims review work from Hartford.

38. Upon information and belief, MLS only provides services to insurance companies and/or employers, and provides no services to disability claimants or insureds.

39. MES's conduct is motivated by an improper financial motive and desire to enhance its revenues and to ensure that it continues to receive a high volume of claims review work

6

from Hartford.

40. Upon information and belief, MES only provides services to insurance companies and/or employers, and provides no services to disability claimants or insureds

41. Plaintiff is entitled to a De Novo review of his claim.

### AS AND FOR A FIRST CAUSE OF ACTION

42. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "41" as if set forth fully herein.

43. Plaintiff was and is totally disabled as that term is defined in the subject Policy.

44. The termination of Plaintiff's disability benefits was erroneous, lacks substantial evidence, and was an abuse of any discretion to which Defendant Hartford may hold.

### AS AND FOR A SECOND CAUSE OF ACTION

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "44" as if set forth fully herein.

46. At all times hereinafter mentioned, there was a valid enforceable contract concerning the provision of long term disability benefits that existed between Defendant and Plaintiff and/or his employer.

47. At all times hereinafter mentioned, Defendant MES knew or should have known about the existence of said contract.

48. Defendant MES, by and through its employees, agents, servants, personnel, and/or contractors, intentionally induced Hartford to breach said contract by, among other things, providing services and information to Hartford that it knew, or should have known, would lead Hartford to fail to discharge its duties and obligations to plaintiff pursuant to the existing contact for long term disability insurance benefits.

49.     That the manner in which MES performed its duties and obligations to Hartford was intended to permit, cause, and allow Hartford to fail to discharge its duties and obligations to plaintiff pursuant to the existing contract for long term disability insurance benefits.

50.     As a result of the improper actions taken by MES, there was a resulting breach of the contract for long term disability insurance benefits between Hartford and plaintiff.

51.     As a result of the foregoing allegations and actions by MES, Hartford has failed to pay plaintiff benefits and has caused Hartford to refuse to pay additional disability benefits.

## AS AND FOR A THIRD CAUSE OF ACTION

52.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "51" as if set forth fully herein

53.     At all times hereinafter mentioned, there was a valid enforceable contract concerning the provision of long term disability benefits that existed between Defendant and Plaintiff and/or his employer.

54.     At all times hereinafter mentioned, Defendant MLS knew or should have known about the existence of said contract.

55.     Defendant MLS by and through its employees, agents, servants, personnel, and/or contractors, intentionally induced Hartford to breach said contract by, among other things, providing services and information to Hartford that it knew, or should have known, would lead Hartford to fail to discharge its duties and obligations to plaintiff pursuant to the existing contact for long term disability insurance benefits.

56.     That the manner in which MLS performed its duties and obligations to Hartford was intended to permit, cause, and allow Hartford to fail to discharge its duties and obligations to plaintiff pursuant to the existing contract for long term disability insurance benefits.

57. As a result of the improper actions taken by MLS, there was a resulting breach of the contract for long term disability insurance benefits between Hartford and plaintiff.

58. As a result of the foregoing allegations and actions by MLS, Hartford has failed to pay plaintiff benefits and has caused Hartford to refuse to pay additional disability benefits.

**WHEREFORE**, Plaintiff MICHAEL CACOPERDO prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

**ON THE FIRST CAUSE OF ACTION:**

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by and/or administered by Defendant in that he is unable to perform his occupation, or any occupation as that term is defined in the Policy;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and long term disability benefits through the date of judgment;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

f) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

**ON THE SECOND CAUSE OF ACTION:** (To be Tried by a Jury)

    g)    An amount to be determined at trial, but to include the amount of disability insurance benefits that Plaintiff would have been entitled to, plus additional damages; and

**ON THE THIRD CAUSE OF ACTION:** (To be Tried by a Jury)

    h)    An amount to be determined at trial, but to include the amount of disability insurance benefits that Plaintiff would have been entitled to, plus additional damages; and

**ON ALL CAUSES OF ACTION:**

    i)    Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       March 8, 2011

By:    S/ Jason A. Newfield
       _____
       Jason A. Newfield (JN-5529)
       FRANKEL & NEWFIELD, P.C.
       585 Stewart Avenue - Suite 312
       Garden City, New York 11530
       (516) 222-1600
       Attorneys for Plaintiff

X:\Shared\Cacoperdo\Amended Complaint.wpd