UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MICHAEL CACOPERDO,                                    Civ. Act. No.: 10-civ-7847 (RPP)

                Plaintiff,

    -against-

HARTFORD LIFE INSURANCE COMPANY,            DOCUMENT
                                                                                      ELECTRONICALLY FILED

                Defendant.
-------------------------------------------------------X

---

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S IMPROPER SUBMISSIONS

---

SEDGWICK LLP
Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
Daniel M. Meier
   *Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

    POINT I

    THE COURT SHOULD STRIKE CACOPERDO'S IMPROPER
    "PROPOSED FINDINGS OF FACT" ................................................................................ 2

    POINT II

    THE NEWFIELD DECLARATION SHOULD BE STRICKEN
    BECAUSE IT IS IRRELEVANT AND INADMISSIBLE ................................................. 3

CONCLUSION .......................................................................................................................... 6

CERTIFICATE OF SERVICE .................................................................................................. 7

NY/1005896v1

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### CASES

*Dedyo* v. *Baker Eng'g New York, Inc.*,
No. 96 Civ. 7152, 1998 WL 9376 (S.D.N.Y. Jan. 13, 1998)...................................................5

*Degelman Industries, Ltd.* v. *Pro-Tech Welding and Fabrication, Inc.*,
No. 06–CV–6346T, 2011 WL 6752565 (W.D.N.Y. Dec. 23, 2011)....................................5

*Giles* v. *Rhodes*,
No. 94 Cv. 6385(CSH), 2000 WL 1425046 (S.D.N.Y. Sept. 27, 2000) .................................3

*Hollander* v. *American Cyanamid Co.*,
172 F.3d 192 (2d Cir. 1999) ..............................................................................................5

*Internet Law Library, Inc.* v. *Southridge Capital Mgmt., L.L.C.*,
No. 01 Civ. 6600(RLC), 2005 WL 3370542 (S.D.N.Y. Dec. 12,  2005)...............................5

*Merrill Lynch Bus. Fin. Servs. Inc.* v. *Heritage Packaging Corp.*,
No. Civ. A. CV–06–3951 (DGT), 2007 WL 2815741 (E.D.N.Y. Sept. 25, 2007) ..............5

*Testa* v. *Hartford Life Insurance Company*,
No. 11-974, 2012 WL 1701332 (2d Cir. May 16, 2012)......................................................4

*Universal Film Exchanges, Inc.* v. *Walter Reade, Inc.*,
37 F.R.D. 4 (S.D.N.Y. 1965) ............................................................................................6

### STATUTES

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").....................1

### RULES

FED. R. CIV. P. RULE 52. ...........................................................................................................1

FED. R. CIV. P. RULE 56 .................................................................................................1, 2, 3, 5

FED. R. EVID. RULE 401. ...........................................................................................................3

NY/1005896v1

## PRELIMINARY STATEMENT

Defendant Hartford Life Insurance Company ("Hartford") submits this memorandum of law in support of its motion pursuant to Rule 56(e) FED. R. CIV. P., striking Plaintiff Michael Cacoperdo's ("Cacoperdo") improper submissions of Proposed Findings of Fact, dated July 12, 2012 (Doc. No. 86) and the Declaration of Jason Newfield, dated July 12, 2012 (Doc. No. 85) ("Newfield Declaration" or "Newfield Dec.") along with its attached Exhibit "A," all submitted in support of Cacoperdo's motion for summary judgment.

This action involves Cacoperdo's claim for continuing long-term disability ("LTD") benefits under the Stop and Shop Supermarket Company Group Long Term Disability Plan (the "Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). At the close of discovery, the parties filed their respective motions for summary judgment under Rule 56, FED. R. CIV. P., which are currently pending before this Court. Along with his Reply Memorandum of Law in support of his motion for summary judgment, however, Cacoperdo also submitted a fifty-page document entitled, "Proposed Findings of Fact." This submission is procedurally improper because Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Thus, on a motion for summary judgment, the court does not engage in fact finding, nor does it issue any "Finding of Fact" when it decides the motion. By contrast, the Federal Rules of Civil Procedure require trial courts to issue "findings of fact" *after a trial*, which has not occurred in this case. *See* FED. R. CIV. P. 52. Since there is no procedural basis for Cacoperdo's improper submission of his "proposed findings of fact," this court should strike this submission and not consider it in connection with the parties' pending dispositive motions.

Cacoperdo also submitted with his Reply the Newfield Declaration along with its Exhibit "A" to explain his improper filing of confidential documents from another case in the public record for this

action.  This submission is improper because it contains facts and argument that are irrelevant to the motion for summary judgment.  Moreover, the Newfield Declaration contains legal argument that is not proper for what purports to be a factual statement.  Accordingly, the Newfield Declaration and its Exhibit "A" should be stricken.

## ARGUMENT

## POINT I

## THE COURT SHOULD STRIKE CACOPERDO'S IMPROPER "PROPOSED FINDINGS OF FACT"

Rule 56(a), FED. R. CIV. P. provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Cacoperdo moved for relief pursuant to Rule 56 and argues in his motion that summary judgment may only be granted if "there are no genuine issues as to any material fact." (Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment dated June 4, 2012 (Doc. No. 75), p. 2).  Cacoperdo's submission of fifty pages of "Proposed Findings of Fact" is inconsistent with his motion for summary judgment, in which he concedes – indeed affirmatively argues – that there are no genuine issues of material facts.

Moreover, as a matter of law, the submission of "Proposed Findings of Fact" is only appropriate after a trial. FED. R. Civ. P.  Rule 52(a) provides "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."  There is simply no provision of the Federal Rules of Civil Procedure permitting a party to submit proposed finding of fact on a summary judgment motion.

It appears that Cacoperdo filed this document in order to gain an extra fifty (50) pages of argument on his motion, because this court limits briefing on such motions to 35 pages (25 pages for motion and 10 pages for reply; *see* Individual Practices of Hon. Robert P. Patterson, Jr., Sect. 2, B).  This

is improper as well since the court would not have page limits on briefing if it did not expect such restrictions to be followed. Cacoperdo's submission of his "proposed findings of fact" is procedurally improper, was never ordered or requested by the court, and is contrary to both federal and local civil practice rules.

Cacoperdo's "Proposed Findings of Fact" is nothing more than legal argument masquerading as something else, and as such, this submission must be stricken as procedurally improper and impermissible under Rule 56, FED. R. CIV. P.

**POINT II**

**THE NEWFIELD DECLARATION SHOULD BE STRICKEN BECAUSE IT IS IRRELEVANT AND INADMISSIBLE**

The Newfield Declaration and Exhibit "A" attached thereto, which were both submitted in further support of Cacoperdo's Motion for Summary Judgment along with his Reply Memorandum of Law, are legally improper and should be stricken on the grounds that the information presented is irrelevant, and thus inadmissible pursuant to FED. R. CIV. P. Rule 56(c) and FED. R. EVID. Rule 401 provides that: "[s]upporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence*, and shall show affirmatively that the affiant or declarant is competent to testify to the matters stated." (emphasis added).

"Relevant Evidence" that would be a permissible basis for an affidavit pursuant to FED. R. CIV. P. 56(c), is defined by Rule 401 as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401. Thus, in order for documents to be admissible they must be relevant. *See Giles* v. *Rhodes*, No. 94 Cv. 6385(CSH), 2000 WL 1425046 (S.D.N.Y. Sept. 27, 2000) (striking medical expert testimony where the opinion did not relate to the injury alleged).

3

No part of the Newfield Declaration or Exhibit "A" attached thereto is "of consequence to the determination of the action." Exhibit "A" is a letter plaintiff's counsel filed with the District Court for the Eastern District of New York in the unrelated action of *Testa* v. *Hartford Life Ins. Co.*, Dkt No. 08-cv-816 (E.D.N.Y.) concerning a briefing schedule for dispositive motions in that cases. Notably, the letter was not memo endorsed by the court nor was it so-ordered by the court. To the extent Cacoperdo's counsel suggests that this letter is the equivalent of such an order, the document itself demonstrates otherwise. More importantly, however, the document is irrelevant to Cacoperdo's action or any argument made in support or opposition to the pending summary judgment motions in this action. Indeed, it appears that Cacoperdo's sole purpose in referencing this document and issues addressed in the *Testa* matter is to create some confusion about whether certain documents concerning Dr. Topper (one of the independent peer review physician consultants in Cacoperdo's case) raise issues of procedural irregularities in this case. They do not. Rather, it appears that Cacoperdo chose to focus on this irrelevant point, instead of informing the Court that the very argument concerning Dr. Topper's qualifications as a neurologist that his current counsel also advanced as Plaintiff's counsel in *Testa,* that he again advances here was recently considered and rejected by the Second Circuit. [1]  *Testa* v. *Hartford Life Insurance Company*, No. 11-974, 2012 WL 1701332, at *3 (2d Cir. May 16, 2012) (Summary Order).

Hartford also explained in its opposition to Cacoperdo's summary judgment motion that the documents he submitted in this action in support of this irrelevant point appear to have been improperly filed in the public record in *Testa*, in violation of the Stipulated Protective Order issued in that case. (*See* Hartford's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment dated June 22, 2012, Doc. No. 81 ("Hartford's Opp."), pp. 26-27). In response, Cacoperdo submits Exhibit "A," which again, is nothing but his own letter filed in the *Testa* docket, but which was not so-ordered or endorsed by the court in that case. Cacoperdo has not pointed to any transcript of a court proceeding or

---

[1] Cacoperdo's counsel also represented the plaintiff in *Testa* in both the District Court and the Second Circuit.

notation from the *Testa* docket demonstrating that the court in that case countermanded or overruled the protective order it previously entered in that case.

The Newfield Declaration and Exhibit "A" annexed thereto are irrelevant and immaterial to Cacoperdo's motion for summary judgment. In fact, Cacoperdo does not even reference this exhibit or the Newfield Declaration in his reply papers. As such, the court should strike these irrelevant submissions and not consider them in connection with the parties' summary judgment motions.

The Newfield Declaration should be stricken on the additional grounds that it includes improper legal argument and other improper statements. A motion to strike is also appropriate if documents or affidavits submitted in support of a motion for summary judgment contain inadmissible hearsay, conclusory or incomplete statements, or evidence that has not been properly authenticated." *Dedyo* v. *Baker Eng'g New York, Inc.*, No. 96 Civ. 7152, 1998 WL 9376, at *4 (S.D.N.Y. Jan. 13, 1998); *see also Degelman Industries, Ltd.* v. *Pro-Tech Welding and Fabrication, Inc.*, No. 06–CV–6346T, 2011 WL 6752565 (W.D.N.Y. Dec. 23, 2011); *Merrill Lynch Bus. Fin. Servs. Inc.* v. *Heritage Packaging Corp.*, No. Civ. A. CV–06–3951 (DGT), 2007 WL 2815741, at *4 (E.D.N.Y. Sept. 25, 2007). Affidavits and declarations containing legal arguments are improper. *See* FED. R. CIV. P. Rule 56(c) *Internet Law Library, Inc.* v. *Southridge Capital Mgmt., L.L.C.*, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *3 (S.D.N.Y. Dec. 12, 2005) (granting motion to strike attorney affidavit because "[a]n attorney's affidavit is typically used to present documents to the court and should not be used as counsel's personal vehicle to lobby the court"). Therefore, if a declaration improperly includes unsupported facts, legal arguments, or evidence that is not otherwise admissible, it must be excluded from the record. *Hollander* v. *American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (upholding decision to strike affidavit which "more resembled an adversarial memorandum than a *bona fide* affidavit"). The Newfield Declaration is replete with legal argument, hearsay, mischaracterizations, and unsupported statements, and should be stricken in its entirety.

Specifically, the Newfield Declaration includes legal argument concerning whether the materials Cacoperdo improperly submitted to this Court in this case are protected confidential documents. (Newfield Declaration, ¶¶ 4-9). In fact, Mr. Newfield expressly states that he submitted this Declaration "to address a number of issues raised by Defendant in its Opposition."  (Newfield Declaration, ¶ 3). This discussion is nothing more than legal argument, unsupported assertions, and also includes several hearsay statements, which are all completely improper for a supposedly factual declaration in support of a motion for summary judgment.  *See Universal Film Exchanges, Inc.* v. *Walter Reade, Inc.*, 37 F.R.D. 4 (S.D.N.Y. 1965) (striking an attorney declaration because it contained "a mixture of argument, inference and surmise, in the midst of which, but completely unsegregated, may be facts").

## CONCLUSION

For the foregoing reasons, this Court should strike Cacoperdo's "Proposed Findings of Fact" and the Newfield Declaration with its attached Exhibit "A."

Dated:  New York, New York
        July 31, 2012

                            Respectfully Submitted,

                            s/_____
                            Michael H. Bernstein (MB 0579)
                            John T. Seybert (JS 5014)
                            Daniel M. Meier (DM 2833)
                            SEDGWICK LLP
                            *Hartford Life Insurance Company*
                            125 Broad Street, 39th Floor
                            New York, New York 10004-2400
                            Telephone: (212) 422-0202
                            Facsimile:  (212) 422-0925

6

## CERTIFICATE OF SERVICE

I, DANIEL M. MEIER, hereby certify and affirm that a true and correct copy of the attached

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE**

**PLAINTIFF'S IMPROPER SUBMISSIONS** was served via ECF on this 31st day of July, 2012,

upon the following:

> Jason A. Newfield, Esq.
> FRANKEL & NEWFIELD, P.C.
> 585 Stewart Avenue – Suite 312
> Garden City, New York 11530
> Telephone: (516) 222-1600
> ***Attorneys for Plaintiff***

s/_____
DANIEL M. MEIER

Dated:    New York, New York
          July 31, 2012

7