Jason A. Newfield (JN-5529
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 312
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                          :

MICHAEL CACOPERDO,            :     10 CV 7847 (RPP)

                     :     **ECF**

          Plaintiff,     :

                     :

   - vs. -            :

                     :

HARTFORD LIFE INS. CO.,     :

                     :

          Defendants.   :
-----------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO HARTFORD'S MOTION TO STRIKE

FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 312
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

Of Counsel:      Jason A. Newfield (JN-5529)
                 Justin C. Frankel (JF-5983)

## PRELIMINARY STATEMENT

Cacoperdo respectfully submits this memorandum of law in opposition to Hartford's recently filed Motion to Strike two items. The first is the Newfield Declaration, which was specifically submitted to address Hartford's sweeping accusations that documents filed in this action were improper, as they were purportedly confidential. The second item which Hartford seeks to strike is the Proposed Findings of Fact submitted, in an effort to streamline the factual issues for the Court in considering Summary Judgment. As noted below, Hartford's arguments do not support this relief.

## MOTION TO STRIKE THE NEWFIELD DECLARATION

It is ironic Hartford seeks to strike the Newfield Declaration, which is directly addressing Hartford's sweeping assertions about documents filed in this action that were produced in an action entitled *Testa v. Hartford Life & Acc. Ins. Co.*. While Hartford was sure to provide this Court with the Stipulated Protective Order from the *Testa* case, it intentionally failed to produce the evidence which demonstrated the Order had been modified. This document, which was filed with the Newfield Declaration, was first shared with counsel for Hartford immediately following receipt of Hartford's opposition papers in this case[1], in an effort to resolve an apparent dispute over the issue.

Counsel for Cacoperdo (Declarant Newfield) had a telephone conversation with counsel for Hartford, Michael Bernstein (who was counsel for Hartford during all of the Second Circuit proceedings in *Testa)*, to inform him of the Eastern District of New York's modification of the Stipulated Protective Order, to which he claimed no knowledge. Counsel was then provided with the document which was submitted herein, to demonstrate this modification, and to support a request to alter Hartford's erroneous position. No action was taken by Hartford in response. Instead,

---

[1]      Counsel claimed not to be aware of this document, despite representing Hartford on the Second Circuit appeal, and all proceedings involved at the Second Circuit, including the compilation of the Appendix.

Hartford turned an intentional blind eye to the modification of the Protective Order. Now, Hartford has the temerity to seek to strike proof of the modification of the Protective Order, on the basis that the letter was never memo endorsed, or so-ordered by Judge Block. It was not requested to be done, as the Court was clear in its direction.[2] Hartford had every opportunity to address the modification of the Protective Order during the litigation, and failed to do so.

The Topper documents submitted to this Court consist of two categories of materials. The first are documents reflecting that Hartford sought to remove Dr. Topper from its panel of reviewing doctors. Hartford has cleverly submitted a Declaration from Barbara Campbell from another litigation, wherein she crafted an explanation for why Hartford sought to remove Dr. Topper from its panel of reviewing doctors. The Court is equipped to deal with the veracity and credibility of those contentions, thus, Cacoperdo will not make arguments about that Declaration herein. It should be noted that these documents should have been produced in discovery in this action -- but only a portion of these documents were, in fact, produced and only after Cacoperdo challenged Hartford's counsel for "inadvertently" failing to produce the material.

The other Topper documents consisted of certain Dr. Topper reports that had been produced in the *Testa* litigation. They are not produced to challenge Dr. Topper's qualifications, but rather, to demonstrate evidence of bias. While the District Court and Second Circuit in *Testa* did not consider these materials, it is certainly within this Court's discretion to consider extra-record evidence on procedural issues (and bias of a reviewing doctor squarely fits that category). *See Richard v. Fleet Fin. Group, Inc.*, 367 Fed. Appx. 230, 233 (2d Cir. 2010).

---

[2]      It appears that Hartford is acting as if Judge Block never ruled that the documents were not to be filed under seal. Counsel for Hartford here may not have been counsel for Hartford at that time of the *Testa* litigation, but Hartford was the defendant and surely knew, or should have known, of the modification of the Protective Order. The purpose of the letter to the Court (at issue herein) was to confirm the modification of the Protective Order, as Testa intended to file the various documents with the Court, rather than under seal. It is disingenuous for Hartford and its counsel to take this position.

Hartford's final argument concerning the Newfield Declaration is that it includes "improper legal argument and other improper statements." (Hart. Brief, P.5). Yet, Hartford does not identify one statement which is either legal argument or otherwise improper. It simply makes an *ipse dixit* pronouncement. Hartford further asserts in its papers that the "Newfield Declaration is **replete** with legal argument, hearsay, mischaracterizations, and unsupported statements"(emphasis added) – yet again, fails to identify any one statement which falls into these broad categories. Hartford states the Newfield Declaration includes legal argument whether the materials are protected as confidential. However, a review of the statements in the Newfield Declaration reveal that they are, in fact, factual statements, and not legal argument. For ease of reference, the statements are listed below:

- The letter to the Court confirms Judge Block's ruling that the confidentiality order which had been entered in that case (and which Hartford has presented to the Court here) was modified, such that no documents were to be filed under seal, nor any memorandum of law.

- Hartford has asserted herein that Plaintiff filed documents in this case which are protected documents. However, the materials which were submitted to the Court in this case (for the Court's eyes only), are publicly filed in the Courthouse at the Eastern District of New York.

- Moreover, upon information and belief, these materials were filed with the Second Circuit as part of Appellant's submission in *Testa*.

- Upon reviewing Hartford's opposition papers, your declarant contacted counsel for Hartford, Mr. Michael Bernstein, who was Hartford's counsel for all proceedings before the Second Circuit in *Testa*, to inquire whether he was aware that Judge Block had modified the confidentiality order in *Testa*. Claiming he was not, your declarant proceeded to provide Exhibit "A" to him, via email on June 25, 2012. Your declarant requested that based upon this information (which Defendant Hartford was surely aware of as a litigant in the *Testa* action), Hartford take efforts to advise the Court of this issue.

- Hartford took no steps in the *Testa* matter to challenge Judge Block's decision to modify the confidentiality order.

- To date, Hartford and its counsel have failed to respond to our request. Accordingly, we are filing this declaration to advise the Court that Plaintiff herein has not filed any documents with this Court which are not publicly available documents, and no longer subject to a confidentiality order.

There is no legal argument contained within these statements. Moreover, each of the statements were made upon the personal knowledge of the Declarant. Notably, Hartford has failed to demonstrate how any of the statements made were either unsupported or were a mischaracterization of the events which transpired. Instead, it apparently seeks to rest its motion to strike upon the introductory statement in the Declaration, which states that it was submitted "to address a number of issues raised by Defendant in its Opposition." (Hart. Brief, P.6). Reliance upon this introductory statement, rather than identifying one specific issue with the substantive facts which the Declaration introduces, demonstrates the infirmity of Hartford's position, which is devoid of merit, and lacking in substance. Thus, the Motion to Strike the Newfield Declaration should be denied in its entirety.

## MOTION TO STRIKE PROPOSED FINDINGS OF FACT

Hartford endeavors to strike Plaintiff's submission of Proposed Findings of Fact, claiming that there is no procedural basis for the submission, as the Court does not engage in fact finding on a motion for summary judgment. While Cacoperdo agrees that the Court's role on adjudicating summary judgment is to find issues of material fact in dispute if they exist, Cacoperdo asserts that the submission of these findings of fact shall assist the Court in reaching a decision on summary judgment. Surely, for the Court to grant summary judgment, it must determine that no issues of material fact remain in dispute. Many of the facts presented in Cacoperdo's submission can assist the Court in narrowing its efforts, as the submission **ONLY** set forth those facts which Cacoperdo asserted (and which were supported by evidence in the record) and to which Hartford admitted.

There were many other factual statements offered by Cacoperdo within his Rule 56.1 Statement of Material Facts and supported by record evidence; however, those facts were either denied by Hartford (despite record evidence supporting the facts) or otherwise objected to. Those

4

facts were not included in Cacoperdo's submission.

It is noted that many of the ERISA cases litigated by Hartford have resulted in discussions of factual issues that were "undisputed". *See Alto v. Hartford Life Ins. Co.*, 2011 U.S. Dist. LEXIS 36011, * 1 (S.D.N.Y. 2011)(referencing the parties' Rule 56.1 statements); *Epstein v. Hartford Life & Acc. Ins. Co.*, 2010 U.S. Dist. LEXIS 91585, * 1 (S.D.N.Y. 2010)(referencing Defendant's Rule 56.1 statement); *Siegel v. Hartford Life Ins. Co.*, 2012 U.S. Dist. LEXIS 87806, * 1 (E.D.N.Y. 2012)(referencing facts drawn from the parties Rule 56.1 statements); *Rund v. JP Morgan Chase Group LTD*, 2012 U.S. Dist. LEXIS 48529, * 2 (S.D.N.Y. 2012)(referencing the parties' Rule 56.1 statements); *Ianniello v. Hartford Life & Acc. Ins. Co.*, 2011 U.S. Dist. LEXIS 152676, * 2 (E.D.N.Y. 2011). These numerous cases reveal that our Second Circuit courts are relying upon the parties Rule 56.1 statements and counter-statements of material facts when adjudicating summary judgment.

Hartford erroneously asserts that Cacoperdo made this submission in order to gain an extra fifty (50) pages of argument on his motion. (Hart. Brief, P.2). The submission contains no argument whatsoever, but, rather, contains an identification (similar to a marked pleading) of those statements of fact that are not in dispute.

**CONCLUSION**

Cacoperdo respectfully submits that Hartford's motion to strike should be denied in its

entirety.

Dated: Garden City, New York
      August 6, 2012

Respectfully submitted,

_____

FRANKEL & NEWFIELD, P.C.
Jason Newfield (JN5529)
Attorneys for Plaintiff
585 Stewart Avenue, Suite 312
Garden City, NY 11530

**CERTIFICATE OF SERVICE**

I, Jason Newfield, hereby certify that on August 6, 2012, a copy of the Plaintiff's

Memorandum of Law in Opposition to Hartford's Motion to Strike, was mailed via first class

mail:


Michael Bernstein, Esq.
Sedgwick, LLP
125 Broad Street
New York, NY 10004-2400

The Memorandum of Law was also filed via ECF.

_____
Jason Newfield