UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL CACOPERDO,   Civ. Act. No.: 10-civ-7847 (RPP)

                Plaintiff,

     -against-

HARTFORD LIFE INSURANCE COMPANY,   DOCUMENT
                                                         ELECTRONICALLY FILED
                Defendant.
------------------------------------------------------------X

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S IMPROPER SUBMISSIONS

                                               SEDGWICK LLP
                                               Attorneys for Defendant
                                               HARTFORD LIFE INSURANCE COMPANY
                                               125 Broad Street, 39th Floor
                                               New York, New York 10004-2400
                                               Telephone: (212) 422-0202
                                               Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
Daniel M. Meier
    *Of Counsel*

NY/1008125v1

i

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ II

PRELIMINARY STATEMENT ....................................................................................................... 1

ARGUMENT ..................................................................................................................................... 2

    POINT I

    THE COURT SHOULD STRIKE CACOPERDO'S IMPROPER
    "PROPOSED FINDINGS OF FACT" ............................................................................. 2

    POINT II

    THE NEWFIELD DECLARATION AND ATTACHED EXHIBIT SHOULD
    BE STRICKEN BECAUSE THEY ARE IRRELEVANT AND INADMISSIBLE ...... 4

CONCLUSION .................................................................................................................................. 6

CERTIFICATE OF SERVICE .......................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alfano* v. *CIGNA Life Ins. Co. Of NY*,
   No. 07 Civ. 9661(GEL), 2009 WL 222351 (S.D.N.Y. Jan. 30, 2008) .................................. 3

*Anderson* v. *Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................... 2, 3

*Fortune* v. *Group Long Term Disability Plan For Employees Of Keyspan Corp.*,
   637 F.Supp.2d 132 (E.D.N.Y. 2009) *aff'd* 391 Fed. Appx. 74 (2d Cir. 2010) .................. 3

*Gallo* v. *Prudential Residential Servs.*,
   22 F.3d 1219 (2d Cir. 1994) ............................................................................................ 2

*Gannon* v. *Aetna Life Ins. Co.*,
   No. 05 Civ. 2844869 (S.D.N.Y. Sept. 28, 2007) .............................................................. 3

*Hobson* v. *Metropolitan Life Ins. Co.*,
   574 F.3d 75 (2d Cir. 2009) .............................................................................................. 3

*Hollander* v. *American Cyanamid Co.*,
   172 F.3d 192 (2d Cir. 1999) ............................................................................................ 6

*Reinhart* v. *Broadspire Servs., Inc.*,
   No. 06-cv-752S, 2011 WL 3273152 (W.D.N.Y. July 29, 2011) ....................................... 3

*Rieske* v. *Black & Decker (U.S.) Inc.*,
   No. 3:09cv1086(AWT), 2012 WL 685485 (D. Conn. Mar. 2, 2012) ................................ 2

## RULES

Rule 401, FED. R. EVID. ......................................................................................................... 4

Rule 56(e) FED. R. CIV. P., ..................................................................................................... 1

Rule 56, FED. R. CIV. P. .................................................................................................... 1, 2

**PRELIMINARY STATEMENT**

Defendant Hartford Life Insurance Company ("Hartford") submits this memorandum of law in response to Plaintiff's Opposition dated August 6, 2012 (Doc. No. 91) ("Opp.") and in further support of its motion pursuant to Rule 56(e) FED. R. CIV. P., striking Plaintiff Michael Cacoperdo's ("Cacoperdo") improper submissions of "Proposed Findings of Fact," dated July 12, 2012 (Doc. No. 86) and the Declaration of Jason Newfield, dated July 12, 2012 (Doc. No. 85) ("Newfield Declaration" or "Newfield Dec.") along with its attached Exhibit "A," all submitted in support of Cacoperdo's motion for summary judgment.

As part of Cacoperdo's Reply papers in further support of his motion for summary judgment seeking an award of continuing long-term disability ("LTD") benefits under the Stop and Shop Supermarket Company Group Long Term Disability Plan (the "Plan"), he improperly submitted a fifty-page document entitled "Proposed Findings of Fact." Rule 56, FED. R. CIV. P., does not provide for a party's submission of "Proposed Findings of Fact" on a summary judgment motion. Indeed, Cacoperdo's submission of "Proposed Findings of Fact" is inconsistent with the very nature of a summary judgment motion, because the Court does not engage in "fact finding" on such motions. Rather, on a motion for summary judgment, "there is no genuine dispute as to any material fact and the movant [claims entitlement] to judgment as a matter of law." Cacoperdo's only excuse for submitting this unauthorized document is his self-serving suggestion that "the submission of these findings of fact shall assist the Court in reaching a decision on summary judgment." But again, since this Court is not acting as a finder of fact, the submission is superfluous and could not assist the Court.

Hartford also moved to strike Cacoperdo's submission of the Newfield Declaration along with its Exhibit "A" in which he purports to explain his improper filing of confidential documents from another case in the public record of this action, because the declaration is irrelevant to the pending motions for summary judgment and contains improper legal argument. Cacoperdo's opposition

1

concedes that the Newfield Declaration fails to address any material issues raised in the pending summary judgment motions.

For these reasons, and as discussed more fully below, this Court should grant Hartford's motion and strike Cacoperdo's "Proposed Findings of Fact" and the Newfield Declaration with Exhibit "A" attached thereto.

## ARGUMENT

### POINT I

### THE COURT SHOULD STRIKE CACOPERDO'S IMPROPER "PROPOSED FINDINGS OF FACT"

This Court should strike Cacoperdo's submission of his "Proposed Findings of Fact" because it is improper under Rule 56, FED. R. CIV. P. The Second Circuit has explained that the trial court's role on a motion for summary judgment "is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty is confined to issue-finding; it does not extend to issue-resolution." *Rieske* v. *Black & Decker (U.S.) Inc.*, No. 3:09cv1086(AWT), 2012 WL 685485, *1 (D. Conn. Mar. 2, 2012) (quoting *Gallo* v. *Prudential Residential Servs.*, 22 F.3d 1219, 1124 (2d Cir. 1994)). Cacoperdo's "Proposed Findings of Fact" is therefore inconsistent with the purpose of a motion for summary judgment and controlling precedent from the Second Circuit.

Cacoperdo's sole excuse for submitting this unauthorized and procedurally improper filing is his self-serving suggestion that "the submission of these findings of fact shall assist the Court in reaching a decision on summary judgment." (Opp., p. 4). This is a *non sequitor* because, as explained above, a motion for summary judgment does not allow a court to make findings of fact. Summary judgment allows the court to enter judgment before trial without the need for any fact finding. *See Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Cacoperdo cites a number of decisions in which this Court and other courts in the Second Circuit have granted summary judgment to Hartford on ERISA benefit claims.  (Opp., p. 5).  In each of those cases, the Court granted summary judgment upon its review of the parties' respective Rule 56.1 Statements of Material Facts.  None of those cases involved any party's submission of "Proposed Findings of Fact."  In the matter *sub judice*, as in all of the cases cited by Cacoperdo, the parties submitted Rule 56.1 Statements and Rule 56.1 Counter-Statements in accord with the Local Rules of Civil Procedure for the Southern and Eastern Districts of New York.  None of the cases cited by Cacoperdo support his argument that the Court should consider his "Proposed Findings of Fact."  Rather, it appears Cacoperdo is using this device as an advocacy piece to "assist" the Court in finding the facts as Cacoperdo would prefer them to be "found."  This is not permitted and thus the Court should disregard this submission in its entirety.

In this case, the Court must apply the deferential standard of review and may only overturn Hartford's determination if it finds that it was arbitrary and capricious.  *See Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009).  In *Anderson*, 477 U.S. at 254, the Supreme Court ruled "that the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive standards that apply to the case."  Courts in this Circuit have routinely found that "summary judgment provides an appropriate mechanism for a court to consider a challenge to the termination of disability benefits under ERISA."  *Fortune* v. *Group Long Term Disability Plan For Employees Of Keyspan Corp.*, 637 F.Supp.2d 132, 141 (E.D.N.Y. 2009) (quoting *Alfano* v. *CIGNA Life Ins. Co. Of NY*, No. 07 Civ. 9661(GEL), 2009 WL 222351, *12 (S.D.N.Y. Jan. 30, 2008)) *aff'd* 391 Fed. Appx. 74 (2d Cir. 2010); *see also Reinhart* v. *Broadspire Servs., Inc.*, No. 06-cv-752S, 2011 WL 3273152, *4 (W.D.N.Y. July 29, 2011); *Gannon* v. *Aetna Life Ins. Co.*, No. 05 Civ. 2844869, *7 (S.D.N.Y. Sept. 28, 2007).  None of these cases included the submission of "Proposed Findings of Fact" in connection with the briefing of the summary judgment motions that were considered.  *See id.*  Moreover, Cacoperdo has not identified any case in

3

which a court has accepted a "Proposed Findings of fact" in connection with a summary judgment motion.

Accordingly, the Court should strike Cacoperdo's improper "Proposed Findings of Fact."

## POINT II

### THE NEWFIELD DECLARATION AND ATTACHED EXHIBIT SHOULD BE STRICKEN BECAUSE THEY ARE IRRELEVANT AND INADMISSIBLE

Hartford moved to strike the Newfield Declaration and Exhibit "A" attached thereto because they contain information that is not relevant and thus, inadmissible under Rule 401, FED. R. EVID. The sole purpose of the Newfield Declaration is an attempt to explain why Cacoperdo could file in the public record of this case confidential documents that his counsel obtained in another action. In *Testa* v. *Hartford Life Ins. Co.*, Civ. Act. No. 08-cv-816 (E.D.N.Y.), Hartford produced certain documents under a Stipulated Protective Order, dated January 30, 2009, which was so ordered and entered by Magistrate Judge Raymon E. Reyes, Jr. (Doc. No. 36). Despite the fact that these confidential documents were subject to the Protective Order, which prohibited the filing of "Confidentially Designated Information" in the public record, Cacoperdo's counsel filed them in this action.[1] The Newfield Declaration attempts to explain why Cacoperdo's counsel believes he is entitled to violate that Protective Order and publicly file these documents. (Doc. No. 36, p. 7 of 16).

The Newfield Declaration does not address any facts that are relevant to the competing motions for summary judgment. The issue presented by both motions is whether Hartford's determination to denying Cacoperdo's claim for continuing LTD benefits was arbitrary and capricious. Cacoperdo concedes that the Newfield Declaration only addresses the issue of whether he should be allowed to file Confidential Information in this Court's public record. (Opp., pp. 2-3).

---

[1] Cacoperdo concedes that the documents he filed contained Confidential Information under the Protective Order.

4

NY/1008125v1

Moreover, while Cacoperdo's counsel asks this court to excuse his violation of the Protective Order by raising this tangential issue in the Newfield Declaration, the Newfield Declaration does not provide any basis for Cacoperdo's counsel's failure to abide by the terms of the Stipulated Protective Order entered in *Testa*. The Stipulated Protective Order was never vacated or modified by any written order of the Court. While, Cacoperdo's counsel argues that the letter he filed in the Court's docket in *Testa* explains that Judge Frederic Block ordered that no documents be filed under seal in that case, the docket for the *Testa* case does not support this contention. (Opp., pp. 1-2). Importantly, this letter was not so ordered, or even memo endorsed by the court. (Newfield Dec., Ex. "A").

Moreover, the Newfield Declaration does not provide any explanation of why the remaining portions of the Protective Order in *Testa* are no longer controlling. Specifically, the Protective Order states that:

> Upon conclusion of this action, a party in the possession of Confidentially Designated Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall, no later than 60 days after the final disposition of this action as to all parties and claims, either (a) return the Confidentially Designated Information to counsel for the Producing Entity who provided the Confidentially Designated Information or (b) with the consent of the Producing Entity that provided the Confidentially Designated Information, destroy the Confidentially Designated Information and certify in writing that the Confidentially Designated Information has been destroyed.

(Doc. No. 36, pp. 12, 13 of 16).

Finally, Hartford also moved to strike the Newfield Declaration because it contains improper legal argument. While Cacoperdo argues that the Newfield Declaration does not contain any legal argument, this assertion is incorrect. Indeed, the Newfield Declaration asserts that the Confidential Information he filed in the public record is "no longer subject to a confidentiality order." (Opp., p. 3). This legal conclusion could not be reached but for the legal arguments made in the Newfield Declaration based on the *Testa* docket. This legal advocacy in a declaration is

5

NY/1008125v1

improper and the Newfield Declaration should be stricken for that reason as well. *See Hollander* v. *American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999).

Accordingly, the Newfield Declaration and Exhibit "A" annexed thereto should be stricken.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Hartford's initial motion to strike, this Court should strike Cacoperdo's "Proposed Findings of Fact" and the Newfield Declaration with its attached Exhibit "A."

Dated:  New York, New York
        August 13, 2012

                                            Respectfully Submitted,

                                            s/
                                            Michael H. Bernstein (MB 0579)
                                            John T. Seybert (JS 5014)
                                            Daniel M. Meier (DM 2833)
                                            SEDGWICK LLP
                                            *Hartford Life Insurance Company*
                                            125 Broad Street, 39th Floor
                                            New York, New York 10004-2400
                                            Telephone: (212) 422-0202
                                            Facsimile:  (212) 422-0925

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S IMPROPER SUBMISSIONS** was served via ECF on this 13th day of August, 2012, upon the following:

>Jason A. Newfield, Esq.
>FRANKEL & NEWFIELD, P.C.
>585 Stewart Avenue – Suite 312
>Garden City, New York 11530
>Telephone: (516) 222-1600
>***Attorneys for Plaintiff***

s/
JOHN T. SEYBERT

Dated: New York, New York
August 13, 2012

7

NY/1008125v1