

# FRANKEL & NEWFIELD, P.C.

ATTORNEYS AT LAW

Justin C. Frankel*
Jason A. Newfield*

*Admitted in NY, CT and PA

585 Stewart Avenue
Suite 312
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
www.frankelnewfield.com

September 21, 2012

**VIA ECF and OVERNIGHT MAIL**

Honorable Robert P. Patterson
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

          Re:    **Cacoperdo v. Hartford Life**
                 **10 CV 7847 (RPP)**

Dear Judge Patterson,

      Plaintiff respectfully submits this supplemental notice of authority letter to advise Your Honor of a recent decision of significance to the pending cross-motions for judgment in the above entitled action.

      This recent decision, entitled *Alberigo v. The Hartford*, 2012 U.S. Dist. LEXIS 134013 (E.D.N.Y., September 17, 2012), supports Cacoperdo's claim concerning The Hartford's biased claim administration, an important factor considered by the Second Circuit in the case of *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126 (2d Cir. 2008), as informed by *Met Life v. Glenn*, 128 S.Ct. 2343 (2008). In *Alberigo*, the Court took note of various factors which parallel the instant case and which led the Court to determine Hartford's conduct was arbitrary and capricious.

      These parallel factors include Hartford's reliance upon an EAR (vocational assessment) that was conducted prior to the claimant's administrative appeal (2012 U.S. Dist. LEXIS 134013, at * 36), with no subsequent or supplemental EAR conducted to account for any of the medical evidence submitted with the appeal (see Cacoperdo's Brief, pp. 3-4, Cacoperdo's Reply Brief, pp. 8-9); Hartford's reliance upon selective statements and wholesale embrace of one medical report to the detriment of contrary reports supporting impairment (2012 U.S. Dist. LEXIS 134013, at * 31) (see Cacoperdo's Opposition Brief, pp. 6-7); and the short shrift afforded to the determination of the Social Security Administration (2012 U.S. Dist. LEXIS 134013, at * 42-43) (see Cacoperdo's Brief, pp. 21-22, Cacoperdo's Opposition Brief, p. 7).[1][2]

---

    [1]    The Court also addressed the issue of failing to pursue an independent examination of the claimant, noting it was unreasonable to be dismissive of the claimant's medical support and reliance upon a its hired health care provider who never examined the claimant. U.S. Dist. LEXIS 134013, at * 38-39. The Court cited *Ross v. Verizon Communications, Inc.*, 837 F.Supp.2d 28, 52 (N.D.N.Y. 2011) on this issue (a case cited by

 FRANKEL & NEWFIELD, P.C.

Further, despite Hartford's submission of the Luddy Declaration and the Declaration of its appeal handling personnel (which mirror the Declarations submitted by Hartford here), the *Alberigo* Court did not weigh the issue of Hartford's potential categorical conflict of interest due to its finding of such apparent "case specific" conflict issues (as argued by Cacoperdo throughout his briefs) rendering that analysis moot.

These numerous case similarities provide Your Honor with further support for a finding that Hartford's claim handling of Cacoperdo was arbitrary and capricious. The *Alberigo* court also provides authority for the appropriate remedy, where it determined that Hartford's decision to deny further benefits was unreasonable, supporting a reinstatement of benefits, rather than a remand. 2012 U.S. Dist. LEXIS 134013, at * 44-45.[3]

Many of the claim handling concerns that were argued by Plaintiff in the instant matter appear to have troubled the District Court in *Alberigo*, and we thus urge Your Honor to consider this recent decision in deciding the pending cross-motions.

Respectfully submitted,

FRANKEL & NEWFIELD, P.C.

By: Jason Newfield (JN5529)

JAN:bms
Enclosures
cc:   Michael Bernstein, Esq.

---

Cacoperdo in his briefs).

[2]   Counsel for Hartford in *Alberigo* was the same counsel as this matter, and a review of the briefs filed demonstrates that Hartford presented parallel arguments to the Court there, as it has presented here. We attach these briefs for the Court's consideration.

[3]   On this issue, the Court relied, in part, upon *Zuckerbroad v. Pheonix Mut. Life Ins. Co.*, 78 F.3d 46, 51 (2d Cir. 1996), a case cited by Cacoperdo at oral argument on September 14, 2012.