Jason A. Newfield (JN-5529
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 312
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
: 10 CV 7847 (RPP)
MICHAEL CACOPERDO, :
: ECF
Plaintiff, :
:
- vs. - :
:
HARTFORD LIFE INS. CO., :
:
Defendants. :
---------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO HARTFORD'S MOTION FOR RECONSIDERATION**

FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 312
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

Of Counsel:   Jason A. Newfield (JN-5529)
              Justin C. Frankel (JF-5983)

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                **Page**

Abatie v. Alta Health & Life Ins. Co., 458 F.3d 1317, 1323 (9th Cir. 2006) ..................... 10

Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986) ....................................................10

Barber v. Sun Life, 2012 U.S. Dist. LEXIS 22607 (D. Conn. 2012)....................................9

Bokel v. NYPD Prop. Clerk Div., 2008 U.S. Dist. LEXIS 54081 (E.D.N.Y. 2008)............ 2

Burgio v. Prudential Life Ins. Co. of Amer., 253 F.R.D. 219 (E.D.N.Y. 2008) .................7

Clover v. Shiva Realty of Mulberry, Inc., 2011 U.S. Dist. LEXIS 140590 (S.D.N.Y. 2011)..................................................................................................................................2

DeFelice v. Am International Lie Assyr. Co., 112 F.3d 61, 67 (2d Cir. 1197)...............4, 5, 8

Hobson v. Met Life, 574 F.3d 75 (2d Cir. 2009)..........................................................1, 3, 4

Krauss v. Oxford Health Plans, Inc., 517 F.3d 614 (2d Cir. 2008)....................................6

Krizek v. CIGNA Grp. Ins., 345 F.3d 91, 96 (2d Cir. 2003) ..............................................5

Levitian v. Sun Life & Health Ins. Co., 2012 U.S. App. LEXIS 12340 (2d Cir. 2012).......9

Locher v. Unum Life Ins. Co. of America, 389 F.3d 288, 294 (2d Cir. 2004)...................8

Matisi v. Liberty Mutual Group Inc., 2012 U.S. App. LEXIS 18181 (2d Cir. 2012)...........7

Mattera v. Liberty Life Assur. Co., 2012 U.S. Dist. LEXIS 5059 (E.D.N.Y. 2012).............5

Mergel v. Prudential Life Ins. Co. of Amer., 2009 U.S. Dist. LEXIS 85594 (S.D.N.Y. 2009) ...................................................................................................................................7

Miller v. United Welfare Fund, 72 F.3d 1066 (2d Cir. 1995) ............................................6

O'Hara v. National Union Fire Ins. Co., 642 F.3d 110 (2d Cir. 2011).......................... 3, 4

Panther Partners, Inc. v. Ikanos Comm., Inc., 2008 U.S. Dist. LEXIS 45907 (S.D.N.Y. 2008)....................................................................................................................................3

Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003)............................................3

Puri v. Hartford Life & Acc. Ins. Co., 784 F.Supp.2d 103 (D. Conn. 2011) .......................7

Rullan v. New York City Dep't of Sanitation, 2012 U.S. Dist. LEXIS 2896 (S.D.N.Y. 2012)..................................................................................................................2, 4

Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995) ...................................................2

Stewart v. Bell, 2012 U.S. Dist. LEXIS 3866 (D. Md. 2012) ...............................................10

Testa v. Hartford Life Ins. Co., 2012 U.S. App. LEXIS 9806 (2d Cir. 2012) ......................6

Van Hoven v. 1199 SEIU Pension and Benefit Funds, 2012 U.S. Dist. LEXIS 19228 (S.D.N.Y. 2012)..........................................................................................................5

Varney v. NYNEX, 2011 U.S. Dist. LEXIS 149784 (E.D.N.Y. 2011)..................................................................................................................................5

Veryzer v. Am. Int'l Life Assur. Co. 468 Fed. Appx. 72 (2d Cir. 2012)...........................5, 6

Walker v. UnumProvident Corp, 206 Fed. Appx. 12 (2d Cir. 2006) ..............................7, 8

Zervos v. Verizon, N.Y. Inc., 277 F.3d 635 (2d Cir. 2002) ..................................................5

## PRELIMINARY STATEMENT

Cacoperdo respectfully submits this memorandum in opposition to Defendant Hartford Life's ("Hartford") motion seeking reconsideration of this Court's decision dated October 15, 2012. Despite its motion for summary judgment relying almost entirely upon Hobson v. Met Life, 574 F.3d 75 (2d Cir. 2009)[1], Hartford has chosen to essentially re-argue the impact of Hobson, desperately hoping its re-argument will somehow prevail upon this Court. This effort fails, as Hartford cannot satisfy the standards for reconsideration, since its arguments are merely rehashing those made on summary judgment, or arguments which could have been presented to the Court during summary judgment briefing.

The core determination in the October 15, 2012 decision was that issues of fact prevented the Court from granting summary judgment to either Plaintiff or Defendant. Thus, Your Honor determined testimony was required from the participants in the claim, to resolve the material issue of fact as to whether Plaintiff has the functional capacity to perform sedentary to light work activities on a regular basis. Such testimony will help the Court adjudicate whether the conclusory assertions reached by Hartford's doctors for hire are supported by evidence, or whether they are simply speculative conclusions, based upon an incomplete review of the medical records. All of this testimony is from the actors in the claim file, and thus, is actually within the scope of the administrative record. Following its receipt of testimony, the Court will be able to determine whether Defendant abused its discretion in terminating Plaintiff's claim, and is thus entirely appropriate.

---

[1] In opposition to Hartford's motion for summary judgment, Cacoperdo provided numerous distinguishing features between the instant case and Hobson, mitigating any impact it might have upon the Court's analysis.

## LEGAL STANDARD FOR RECONSIDERATION

Hartford's motion should be denied, as it is readily apparent Hartford is largely rehashing arguments that were or could have been made in connection with the underlying motion for summary judgment. Simply stated, Hartford, unhappy with the result, seeks a second bite of the apple, and fails to demonstrate that Your Honor overlooked controlling law or factual matters. See Rullan v. New York City Dep't of Sanitation, 2012 U.S. Dist. LEXIS 2896, *4 (S.D.N.Y. 2012), where Your Honor noted that reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court'", quoting Shrader v. CSX Transp., Inc. 70 F.3d 255, 257 (2d Cir. 1995). As also noted in Rullan, "[r]econsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." 2012 U.S. Dist. LEXIS 2896, at * 4. A motion for reconsideration is available only so a court may correct (1) clear error; (2) prevent manifest injustice; or (3) review in light of newly available law or evidence. Id.

Hartford may not, however, seek reconsideration to "advance new facts, issues or arguments not previously presented to the court." Clover v. Shiva Realty of Mulberry, Inc., 2011 U.S. Dist. LEXIS 140590, at * 2 (S.D.N.Y. 2011). "[T]he legal standard must be narrowly construed and strictly applied so as to dissuade repetitive arguments on issues that have been considered fully by the court. Id. "A motion for reconsideration is not an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved." Bokel v. NYPD Prop. Clerk Div., 2008 U.S. Dist. LEXIS 54081, *4 (E.D.N.Y. 2008). It is well settled that "reconsideration of a court's previous order is an 'extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Panther Partners, Inc. v. Ikanos Comm., Inc., 2008 U.S. Dist. LEXIS 45907 (S.D.N.Y. 2008), citing Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003). It is apparent that Hartford is seeking to argue its case again. This approach has been repeatedly rejected and is simply improper.

### HARTFORD FAILS TO SATISFY ITS BURDEN FOR RECONSIDERATION

Certain ERISA disability cases cannot be decided on summary judgment, as issues of material fact may serve to prevent adjudication in this fashion. This legal standard was most recently articulated by the Second Circuit in the context of ERISA disability cases in O'Hara v. Nat'l Union Fire Ins. Co., 642 F.3d 110 (2d Cir. 2011), a case decided well after Hobson – and thus this Circuit's governing law, and one in which the Second Circuit vacated a decision of the District Court, which had granted summary judgment to the insurer. In O'Hara, the Second Circuit held that "irrespective of whether a district court is tasked with reviewing a plan administrator's denial of benefits *de novo*, a district court may not grant a motion for summary judgment if the record reveals a dispute over an issue of material fact." Id. at 121.[23] Thus, *the standard on summary judgment is the same whether the standard of review is abuse of discretion or de novo.* Hartford's inability to reconcile its position with O'Hara is fatal to its argument. Rather than try to reconcile this position, Hartford acts as if the Second Circuit did not speak to this issue. Hartford lacks candor with the Court in its motion, as it failed to address the Second Circuit's complete holding, choosing instead to isolate the

---

[2] Despite O'Hara having a *de novo* standard of review, the Second Circuit made clear that the summary adjudication principles apply to abuse of discretion cases as well.

[3] Hartford mentions O'Hara in its motion, but dismisses the holding, solely upon the basis that the standard of review was *de novo*, and disingenuously fails to inform this Court of the Second Circuit's directive that the standard on summary judgment is the same regardless of whether *de novo* or abuse of discretion.

3

procedural posture of O'Hara in arguing that O'Hara is completely inapplicable here.

In O'Hara, the Second Circuit further noted that *upon consent of the parties*, the district court could have performed a bench trial on the papers with the court acting as finder of fact. (Emphasis added) Id.[4] Hartford distorts the Second Circuit's articulation of this issue, failing to note that in order to hold a bench trial on the papers, it would *require* the consent of the parties.[5] Accordingly, this Court did not overlook controlling law in its October 15, 2012 decision, but, rather, complied with current Second Circuit precedent.

Further to the consideration of the instant motion, Hartford has already presented its Hobson arguments to the Court in briefing summary judgment. See Defendant's Memo in Support of Summary Judgment, Point I, and Memo in Opposition, Point IV. In its current motion for Reconsideration, Hartford has merely rehashed these points of law, which were considered and rejected by this Court. Rullan, 2012 U.S. Dist. LEXIS 2896, at * 4.

## HARTFORD'S REMAINING ARGUMENTS ARE DEVOID OF MERIT

Hartford also miscasts the Second Circuit law on extra-record evidence, claiming it cannot occur under an arbitrary and capricious standard of review.[6] This is false. Hartford cites several Second Circuit cases for this proposition, but fails to discuss that even in DeFelice v. Am. Int'l Life Assur. Co., 112 F.3d 61, 67 (2d Cir. 1997), the Court determined that evidence of bias or misconduct

---

[4] Significantly, as in O'Hara, at no time did Cacoperdo consent to a bench trial on the papers.

[5] Plaintiff discussed this issue in its motion papers on summary judgment, an issue which Hartford did not substantively address. See Plaintiff's Brief, Point IV.

[6] These issues were also briefed by the parties on summary judgment, and constitute an effort to re-litigate issues already decided. See Plaintiff's main brief, Point V. Rullan.

could constitute such good cause to consider evidence beyond the administrative record. See also Van Hoven v. 1199 SEIU Pension and Benefit Funds, 2012 U.S. Dist. LEXIS 19228, at * 5 (S.D.N.Y. 2012), where the Court stated:

> "A district judge may expand its review of an administrative decision beyond the record in front of the claims administrator upon finding 'good cause' warranting the introduction of additional evidence." Krizek v. Cigna Grp. Ins., 345 F.3d 91, 96 (2d Cir. 2003) (quoting Zervos v. Verizon, N.Y., Inc., 277 F.3d 635, 646 (2d Cir. 2002). Evidence of bias or misconduct could constitute such good cause. DeFelice v. Am. Int'l Life Assurance Co. of N.Y., 112 F.3d 61, 67 (2d Cir. 1997).

"The decision to consider evidence outside the administrative record is one which is discretionary with the district court, but which discretion ought not to be exercised in the absence of good cause." Varney v. NYNEX, 2011 U.S. Dist. LEXIS 149784 (E.D.N.Y. 2011), quoted by Mattera v. Liberty Life Assur. Co., 2012 U.S. Dist. LEXIS 50591 (E.D.N.Y. 2012). Addressing how or why a district court might consider evidence beyond the administrative record, it has been held that a court "may consider evidence outside the administrative record to determine issues of plan interpretation or to resolve factual disputes upon a showing of good cause." Mattera, at * 12. The instant case falls within the latter circumstance, where this Court seeks to resolve factual disputes.

This concept is supported by the Second Circuit, despite Hartford's effort to rely upon older cases within the Second Circuit and a slew of stale, out of circuit decisions. Such efforts fail, as current Second Circuit authority supports this Court's position.

In Veryzer v. Am. Int'l Lif Assur. Co., 468 Fed. Appx. 72, 73 (2d Cir. 2012), the Second Circuit stated "we remand to the district court to decide whether to exercise its discretion in considering material outside the record", in deciding the case under an arbitrary and capricious standard of review. Thus, it is readily apparent that even under an arbitrary and capricious standard of review, it is within the discretion of the District Court whether to consider evidence beyond the

administrative record. In Veryzer, the Second Circuit, in re-affirming the vitality of this concept, cited to Krauss v. Oxford Health Plans, Inc., 517 F.3d 614 (2d Cir. 2008). Thus, Hartford's reliance upon several other district court decisions which did not consider evidence beyond the administrative record is simply not dispositive - but, rather, fact sensitive.[7]

Hartford also seeks to rely upon decisions from other circuits, most of which are stale, and all of which are pre-Glenn decisions. See Def. Brief, p. 13. These cases carry no precedential weight, and reliance upon these cases lends nothing to this Court's consideration of the issues, particularly in light of recent Second Circuit discussion of a District Court's discretion to determine whether or not to consider evidence beyond the administrative record. See Veryzer.

Moreover, it is incredulous for Hartford to make the argument that this Court *must* constrain its review to only the administrative record, while submitting its own substantive materials in the form of affidavits/declarations in support of summary judgment. Hartford ignores the numerous Second Circuit decisions supporting the District Court's discretion to expand the administrative record, and argues "the district court is without discretion under the applicable arbitrary and capricious standard of review to accrete the administrative record with documents that were not available to the claim fiduciary when it made its final determination." (Hartford Brief, p.11). Hartford's position cannot be reconciled; either its declarations/affidavits are outside the administrative record – and thus, Plaintiff may seek to expand the administrative record – or this

---

[7] Hartford seeks to rely upon Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995), however, the Court in Miller did, in fact, consider deposition testimony to determine whether the administrator's decision-making process was arbitrary and capricious. Even in Testa v. Hartford Life Ins. Co., 2012 U.S. App. LEXIS 9806 (2d. Cir. 2012), the court indicated that it is only a general proposition to limit the scope of materials considered – and not the bright line rule which Hartford has mis-characterized.

6

material should not be considered. Hartford's inconsistent position in this issue is telling, and the inability to reconcile this position is fatal to its application.[8]

Even assuming *arguendo* the district court were prevented from consideration of "documents" not before the claim fiduciary, nothing would prevent the court from taking testimony from the actors within the claim record, to include Hartford's doctors for hire, Hartford claim personnel, Hartford management, Cacoperdo and his examining and treating doctors. Plaintiff's position can be harmonized with Hartford's argument, as such testimony will simply assist the trial of fact in its adjudication, even without documents that were not before the claim fiduciary.

A recent Second Circuit decision further supports this Court's determination to hold a trial, and defeats Hartford's argument. Matisi v. Liberty Mutual Group, Inc., 2012 U.S. App. LEXIS 18181 (2d Cir. 2012), came before the Second Circuit on appeal following a bench trial, and where evidence beyond the administrative record was considered. A trial was also held in Walker v. UnumProvident Corp., and evidence beyond the administrative record was considered, a decision which was upheld by the Second Circuit at 206 Fed. Appx. 12, 14 (2d Cir. 2006). Hartford has avoided discussion of these cases. The Second Circuit noted in Walker that the district court did not abuse its discretion – acknowledging that such actions are within the discretion of the trial court –

---

[8] All of the cases within the Second Circuit where discovery has been permitted despite the governance of the arbitrary and capricious standard of review further support this position. If evidence beyond the record were never to be allowed under the arbitrary and capricious standard of review, why would any court permit discovery? See Puri v. Hartford Life & Acc. Ins. Co., 784 F.Supp.2d 103, 104 (D. Conn. 2011)(same counsel as here), and holding district court has discretion to admit evidence outside the record; Burgio v. Prudential Life Ins. Co. of Amer., 253 F.R.D. 219, 235 (E.D.N.Y. 2008); Mergel v. Prudential Life Ins. Co. of Amer., 2009 U.S. Dist. LEXIS 85594, at * 4 (S.D.N.Y. 2009)(noting that Hobson says nothing about discovery, and that the Second Circuit has "repeatedly said that a district court's decision to admit evidence outside the administrative record is discretionary.")

7

in permitting evidence outside the administrative record. Thus, Hartford's assertions are false.

Moreover, in <u>Walker</u>, the Second Circuit cited <u>Locher v. Unum Life Ins. Co. of America</u>, 389 F.3d 288, 294 (2d. Cir. 2004)(another case ignored by Hartford), to support the rationale for permitting evidence beyond the administrative record, noting that the (1) conflict of interest; coupled with (2) procedural problems with the appeals process supported the decision. Here, Hartford is a conflicted decision maker, a point conceded by Hartford[9], and its appeals process is rife with procedural issues and concerns, as identified throughout Plaintiff's motion papers on summary judgment.[10] As noted by Second Circuit authority, it is within the District Court's discretion whether to admit additional evidence. <u>Locher</u>, 389 F.3d at 295-96. As noted in <u>Locher</u>, the fairness of the ERISA appeals process cannot be established using only the record before the administrator.

Here, it is respectfully submitted that such guidance is even more significant, where Hartford seeks to constrain Plaintiff's efforts to expand the administrative record, yet, simultaneously champions its declarations/affidavits to be considered in an effort to prove the "fairness" of its process. Hartford wants the court to conclude its process was fair, without holding the sweeping assertions contained in its declarations up to challenge.

Accordingly, a trial will serve to inform upon these issues and guide the Court's analysis as to whether Hartford abused its discretion. The issue identified by the Court is paramount to the analysis of whether Hartford, in fact, abused its discretion. It is ironic that Hartford has itself chosen

---

[9] There can be no dispute that Hartford has a structural conflict of interest, as it funds all benefits paid and decides all benefit eligibility.

[10] Thus, while some courts have found the conflict to constitute *per se* good cause to expand the administrative record, the record here supports, in addition to the conflict, reasons to expand the administrative record which harmonize with Second Circuit guidance from <u>Locher</u> and <u>DeFelice</u>.

to expand the administrative record, submitting self serving affidavits from Bruce Luddy and Juan Mendez, and yet voices strenuous objections to the Court's consideration of the depositions of these individuals, claiming that such material is outside of the administrative record. Hartford simply cannot square these positions, and the deposition testimony which was secured (from witnesses voluntarily produced by Hartford), should be considered by the Court.

This is the approach employed by a sister court in this Circuit. In <u>Barber v. Sun Life & Health Ins. Co.</u>, 2012 U.S. App. LEXIS 22607 (D. Conn. 2012). While Hartford calls this case an aberration and notes that Sun Life continues to challenge the District Court's decision, it cannot dispute the procedural posture of <u>Barber</u>, nor its parallel reasoning to the instant case.

Defendant also argues that the court is not permitted to substitute its own judgment for that of the administrator (Hartford Brief, Point IV, p.17). This argument was rejected by the Second Circuit most recently in <u>Levitian v. Sun Life & Health Ins. Co.</u>, 2012 U.S. App. LEXIS 12340, * 6 (2d Cir. 2012) It is respectfully submitted that this Court is not substituting its judgment, but, rather, is determining whether Hartford's judgment and determination, was, in fact, supported by substantial evidence, or was an abuse of discretion and arbitrary and capricious. By taking testimony on the issue of Cacoperdo's functional capacity, this Court can determine whether Hartford's decision was supported by substantial evidence. Remand is also not required, as urged by Hartford in the alternative. <u>Levitian</u>, at * 13-14.

Despite its belief that a trial is appropriate, Plaintiff would stipulate and agree to a Rule 52 trial on the papers if the Court were to consider the deposition testimony of Bruce Luddy and Juan Mendez, as in that instance, the Court would have the ability to balance and adjudicate the credibility of the testimony proffered by Hartford's witnesses, both through affidavit and deposition. Hartford's

9

conflict of interest, and the weight to be accorded to the conflict in evaluating whether Hartford abused its discretion, can best be adjudicated upon consideration of this evidence. Utilization of the deposition testimony from these witnesses will permit the Court to reach the issues.

Finally, support for the concept of a trial is found in the Ninth Circuit Court of Appeals' discussion in Abatie v. Alta Health & Life Ins. Co., 458 F.3d 1317, 1323 (9th Cir. 2006)(*en banc*)[11], where the court stated:

> "Courts are familiar with the process of weighing a conflict of interest. For example, in a bench trial the court must decide how much weight to give to a witness' testimony in the face of some evidence of bias. **What the district court is doing in an ERISA benefits denial case is making something akin to a credibility determination about the insurance company's or plan administrator's reason for denying coverage under a particular plan and a particular set of medical**72 F.3d 1066 **and other records.** We believe that district courts are well equipped to consider the particulars of a conflict of interest, along with all the other facts and circumstances, to determine whether an abuse of discretion occurred." (Emphasis added).

## CONCLUSION

It is respectfully submitted that Hartford's motion for reconsideration should be denied in its entirety. In the alternative, Plaintiff would consent to a Rule 52 trial on the papers with the inclusion of the deposition testimony of Bruce Luddy and Juan Mendez.

Dated: Garden City, New York
November 21, 2012

Respectfully submitted,

_____
FRANKEL & NEWFIELD, P.C.
Jason Newfield (JN5529)
Justin C. Frankel (JF5983)
Attorneys for Plaintiff

---

[11] See also Stewart v. Bell, 2012 U.S. Dist. LEXIS 3866, * 12 (D. Md. 2012), citing Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986) and determining that trial court weigh evidence and make credibility determinations following a bench trial, but could not resolve such conflicts of evidence on summary judgment.

10

## CERTIFICATE OF SERVICE

I, Jason Newfield, hereby certify that on November 21, 2012, a copy of the Plaintiff's Memorandum of Law in Opposition to Hartford's Motion for Reconsideration, was mailed via first class mail:

Michael Bernstein, Esq.
Sedgwick, LLP
2 World Financial Center
225 Liberty Street
28th Floor
New York, New York 10281-1008

The Memorandum of Law was also filed via ECF.

_____
Jason Newfield