UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MICHAEL CACOPERDO,                                   Civ. Act. No.: 10-civ-7847 (RPP)

                              Plaintiff,

              -against-

                                                      DOCUMENT
HARTFORD LIFE INSURANCE COMPANY,                     ELECTRONICALLY FILED

                              Defendant.
--------------------------------------------------------X

---

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION

---

                                     SEDGWICK LLP
                                     Attorneys for Defendant
                                     HARTFORD LIFE INSURANCE COMPANY
                                     225 Liberty Street, 28th Floor
                                     New York, New York 10281-1008
                                     Telephone: (212) 422-0202
                                     Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
      *Of Counsel*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...............................................................................................................................2

    POINT I:

    HARTFORD HAS MET ITS BURDEN IN SUPPORT OF ITS
    MOTION FOR RECONSIDERATION ......................................................................2

    POINT II:

    THE DISTRICT COURT APPLIED AN INCORRECT
    STANDARD OF REVIEW TO HARTFORD'S MOTION FOR
    SUMMARY JUDGMENT ...........................................................................................3

    POINT III:

    THE COURT MAY NOT HOLD A PLENARY TRIAL ON
    WHETHER CACOPERDO IS DISABLED UNDER THE
    ISSUE OF THE TERMS OF THE PLAN .................................................................4

    POINT IV:

    CACOPERDO AGREES THAT THIS COURT SHOULD HOLD
    A SUMMARY TRIAL ON THE ADMINISTRATIVE RECORD ................................9

    POINT V:

    TO THE EXTENT ANY ISSUE REGARDING HARTFORD'S
    DETERMINATION EXISTS, THE COURT SHOULD REMAND
    CACOPERDO'S CLAIM TO HARTFORD FOR FURTHER
    CONSIDERATION ...................................................................................................10

CONCLUSION ...........................................................................................................................10

CERTIFICATE OF SERVICE ........................................................................... ATTACHED

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### Cases

*Conkright* v. *Frommert*,
130 S.Ct. 1640 (2010)................................................................................................................10

*DeFelice* v. *American Int'l Life Assur. Co. of N.Y.*,
112 F.3d 61 (2d Cir. 1997) ...........................................................................................................5

*Fortune* v. *Group Long Term Disability Plan for Employees of Keyspan Corp.*,
391 Fed. Appx. 74 (2d Cir. 2010)..................................................................................................4

*Fortune* v. *Group Long Term Disablity Plan for Employees of Keyspan Corp.*,
637 F.Supp.2d 132 (E.D.N.Y. 2009) .............................................................................................8

*Hobson* v. *Metropolitan Life Ins. Co.*,
574 F.3d 75 (2d Cir. 2009) ...........................................................................................................4

*Krauss* v. *Oxford Health Plans, Inc.*,
517 F.3d 614 (2d Cir. 2008) ................................................................................................... 7, 10

*Krizek* v. *Cigna Group Ins.*,
345 F.3d 91 (2d Cir. 2003) ...........................................................................................................5

*Levitian* v. *Sun Life & Health Ins. Co.*,
No. 11-2063-cv, 2012 WL 2299302 (2d Cir. Jun. 19, 2012)........................................................4

*Locher* v. *Unum Life Ins. Co. of Am.*,
389 F.3d 288 (2d Cir. 2004) .........................................................................................................5

*Matisi* v. *Liberty Mut. Group, Inc.*,
No. 11-481-cv, 2012 WL 3667247 (2d Cir. Aug. 28, 2012) ........................................................5

*Metropolitan Life Insurance Company* v. *Glenn*,
554 U.S. 105 (2008).......................................................................................................................8

*Miller* v. *United Welfare Fund*,
72 F.3d 1066 (2d Cir. 1995) ................................................................................................. 5, 6, 7

*O'Hara* v. *National Union Fire Ins. Co.*,
642 F3d 110 (2d Cir. 2011) ..........................................................................................................3

*Pagan* v. *NYNEX Pension Plan*,
52 F.3d 438 (2d Cir. 1995) ...........................................................................................................4

NY/1165354v1

*Pepe* v. *Newspaper And Mail Deliverers'-Publishers' Pension Fund*,
   559 F.3d 140 (2d Cir. 2009) ...............................................................................10

*Richard* v. *Fleet Financial Group Inc. LTD Employee Benefits Plan*,
   367 Fed. Appx. 230 (2d Cir. 2010) .......................................................................6

*Rullan* v. *New York City Department of Sanitation*,
   No. 10 Civ. 8079(RPP), 2012 WL 76926 (S.D.N.Y. Jan. 10, 2012) ....................2

*Testa* v. *Hartford Life Ins. Co.*,
   No. 08–CV–816 (FB)(RER), 2011 WL 795055 (E.D.N.Y. 2011),
   *aff'd* __ Fed.Appx. __, 2012 WL 1701332 (2d Cir May 16, 2012) .........................6

*Van Hoven* v. *1199 SEIU Pension & Benefit Funds*,
   No. 11-cv-3197(HB), 20120 WL 488704 (S.D.N.Y. Feb. 15, 2012) .....................4

*Veryzer* v. *American International Life Assur. Co. of NY*,
   468 Fed. Appx. 72 (2d Cir. 2012)......................................................................6, 7

*Walker* v. *UnumProvident Corp.*,
   206 Fed. Appx. 12 (2d Cir. 2006)..........................................................................5

**Statutes**

Fed. R. Civ. P., Rule 32 .................................................................................................10

Fed. R. Civ. P., Rule 52 ...................................................................................................1

**Rule**

Local Rule 6.3 ...................................................................................................................1

NY/1165354v1

## PRELIMINARY STATEMENT

Defendant Hartford Life Insurance Company ("Hartford") submits this reply memorandum of law in further support of its motion pursuant to Local Rule 6.3 for reconsideration of Hartford's motion for summary judgment dated June 1, 2012, and, in particular, the Court's ruling in its Order (Doc. No. 96) (the "Order") that "material issues of fact exist as to whether Plaintiff has the functional capacity to perform sedentary to light work activities on a regular basis, as claimed by Hartford" and ordering a plenary trial on this issue.

In support of its motion for reconsideration, Hartford identified three material and controlling points of law that the Court may have overlooked in issuing its Order. Notably, Plaintiff, Michael Cacoperdo ("Cacoperdo"), agrees with each point of law. First, Hartford respectfully suggested that the Court may have applied the incorrect standard of review and that the under the correct standard of review, the Court may only overturn Hartford's decision-making if it finds Hartford's determination was arbitrary and capricious; i.e., not supported by substantial evidence in the administrative record. Cacoperdo agrees that the arbitrary and capricious standard of review applies.

Second, Hartford argued that the Court may not hold a plenary trial on the only material issue in the case, which is whether Hartford's determination was arbitrary and capricious. Although Cacoperdo asserts that a court may accrete the administrative record for "good cause," he has not identified any "good cause" for the court to do so. Moreover, the "good cause" standard is only applicable to overcome the presumption against accreting the record in *de novo* review cases; it has no application when the court's review is to be done under the arbitrary and capricious review standard. Significantly, Cacoperdo agreed that a "summary trial" on a stipulated administrative record pursuant to Rule 52, FED. R. CIV. P. would be appropriate, but requested that deposition testimony of Bruce Luddy, Hartford's Director of Litigation and Appeals, and Juan Mendez, Hartford's Appeal Specialist, also be considered on the conflict of interest issue.

Third, Hartford argued that to the extent the Court finds its review was not complete, well-settled precedent requires the matter to be remanded to Hartford for further consideration. Cacoperdo has not

disputed this point.

For the foregoing reasons, and those set forth in Hartford's initial Memorandum of Law, and as discussed more fully below, this Court should grant Hartford's motion for reconsideration and upon such reconsideration: (i) grant it summary judgment on the grounds that its decision-making on Cacoperdo's ERISA benefit claim was not arbitrary and capricious; (ii) order a summary trial on the stipulated administrative record; or (iii) remand Cacoperdo's claim to Hartford to consider any additional evidence this Court believes is material and relevant to his claim for benefits.

## ARGUMENT
### POINT I
### HARTFORD HAS MET ITS BURDEN IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Cacoperdo argues that Hartford's motion for reconsideration should be denied by mischaracterizing the motion as "largely rehashing arguments that were or could have been made in connection with the underlying summary judgment." (Plaintiff's Memorandum of Law in Opposition to Hartford's Motion for Reconsideration, dated November 21, 2012, Doc. No. 104 ("Plt's Opp."), p. 2). As this Court recognized in *Rullan* v. *New York City Department of Sanitation*, No. 10 Civ. 8079(RPP), 2012 WL 76926, *2 (S.D.N.Y. Jan. 10, 2012), a motion for reconsideration is appropriate "only so a court may correct for clear error, prevent manifest injustice, or review in light of newly available law." (Citations omitted). Here, Hartford moved for reconsideration of the Order to allow the Court to correct clear error and to prevent manifest injustice. Specifically, Hartford identified three important points of controlling law that the Court may not have fully considered: (1) that the scope of the Court's review under the arbitrary and capricious standard of review does not involve weighing of evidence to determine if a participant has proven that he is disabled under the Plan terms (POINT II); (2) under the arbitrary and capricious review standard, the Court is without discretion to accrete the administrative record with additional evidence on the substance of the claim decision (POINT III); and (3) the Court should remand the claim to Hartford with instructions to review further evidence if it finds that the administrative record was not fully-developed (POINT V). Thus, contrary to Cacoperdo's assertions

that Hartford's motion is just a "rehash" of its original motion for summary judgment, that is clearly not the case.

## POINT II
## THE DISTRICT COURT APPLIED AN INCORRECT STANDARD
## OF REVIEW TO HARTFORD'S MOTION FOR SUMMARY JUDGMENT

The parties concede that the appropriate standard of review to be used by the Court in its consideration of Hartford's adverse benefit determination is the arbitrary and capricious standard of review (Plt's Opp., p. 1). Under that standard of review, the Court may not hear testimony or accept new evidence to challenge the merits of Hartford's decision-making; its review is limited to the administrative record as a matter of law. In support of its motion, Hartford cited controlling case law from the U.S. Supreme Court and the Second Circuit demonstrating that the Court's review under the arbitrary and capricious standard of review is limited to the issue of determining whether Hartford's decision was reasonably based on substantial evidence in the record — not whether the participant was disabled or could prove that he was disabled. (Defendant's Memorandum of Law in Support of Motion For Reconsideration, dated Oct. 26, 2012, Doc. No. 99, ("Def's MOL"), POINT I).

In opposition, Cacoperdo asserts that the Court may deny a motion for summary judgment if there is a material issue of fact and that the "issue of fact" in this case is whether he is disabled. (Plaintiff's Opp,. pp. 3-4). Cacoperdo relies on *O'Hara* v. *National Union Fire Ins. Co.*, 642 F3d 110 (2d Cir. 2011), suggesting that the reviewing court may deny summary judgment when there is a material issue of fact as to a participant's disability. But *O'Hara* is inapposite because it involved the application of the *de novo* review standard. The Court in *O'Hara*, 642 F.3d at 112, considered whether the participant "presented evidence that she was disabled during all periods required by [the insurer's] plan, and based on such evidence, a reasonable factfinder could conclude that [the plaintiff] was entitled to disability benefits." However, this is not the proper scope of review under the arbitrary and capricious review standard.

Indeed, it is well-settled that the reviewing Court's inquiry under the arbitrary and capricious standard of review concerns whether the claim fiduciary's decision was "without reason, unsupported by substantial

evidence or erroneous as a matter of law." *Pagan* v. *NYNEX Pension Plan*, 52 F.3d 438 (2d Cir. 1995)(internal

quotations removed); *See Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 79 (2d Cir. 2009); *Fortune* v. *Group Long*

*Term Disability Plan for Employees of Keyspan Corp.*, 391 Fed. Appx. 74, 76 (2d Cir. 2010); *Van Hoven* v. *1199 SEIU*

*Pension & Benefit Funds*, No. 11-cv-3197(HB), 20120 WL 488704, *4 (S.D.N.Y. Feb. 15, 2012) (noting "my

review is limited to whether the decision was arbitrary and capricious"). In fact, Cacoperdo actually concedes

that the proper scope of this Court's review concerns whether Hartford's determination "was, in fact, supported

by substantial evidence, or was an abuse of discretion and arbitrary and capricious." (Plt's Opp., p. 9).

Cacoperdo also argues that the Court's proposed plenary trial is proper because "[b]y taking testimony

on the issue of Cacoperdo's functional capacity, this Court can determine whether Hartford's decision was

supported by substantial evidence." (*Id.*). This is a total *non-sequitor* because the Court cannot judge Hartford's

decision-making by considering facts and testimony that Hartford never considered. Cacoperdo relies on

*Levitian* v. *Sun Life & Health Ins. Co.*, No. 11-2063-cv, 2012 WL 2299302 (2d Cir. Jun. 19, 2012), where the

Second Circuit affirmed the district court's determination that the defendant's determination denying continuing

LTD benefits was arbitrary and capricious. In that case, however, the Second Circuit ruled that the district court

properly found that the insurance company's decision was not supported by substantial evidence *in the*

*administrative record. Id.* at *4. Neither the district court nor the Second Circuit accepted or considered evidence or

testimony outside of the administrative record. Thus, Cacoperdo's assertion that Second Circuit has endorsed a

district court holding a plenary trial, accepting extra-record testimony and substituting its own judgment for that

of the claim fiduciary is simply inaccurate. As such, *Levitian* actually supports Hartford's motion for

reconsideration, not Cacoperdo's arguments in opposition.

## POINT III
### THE COURT MAY NOT HOLD A PLENARY TRIAL ON WHETHER CACOPERDO IS DISABLED UNDER THE TERMS OF THE PLAN

Hartford also argued that under the arbitrary and capricious standard of review, this Court may not hold

a plenary trial on the issue of whether Cacoperdo is disabled under the terms of the Plan or accept evidence

NY/1165354v1

outside of the administrative record on this issue.  Indeed, it is well-settled that the district court does not have discretion to accept extra-record testimony evidence to challenge the merits of the benefit determination where the review is to be done under the arbitrary and capricious standard.  The Court may only accept extra-record materials to evaluate procedural irregularities and to weigh any alleged financial conflict of interest.

In opposition, Cacoperdo asserts that the Court may accept evidence outside the administrative record on the issue of plaintiff's disability itself for "good cause".  (Plt's Opp., pp. 5-6).  Here, Cacoperdo incorrectly relies on cases applying the *de novo* standard of review to support this point.  *See, e.g., Matisi* v. *Liberty Mut. Group, Inc.,* No. 11-481-cv, 2012 WL 3667247, * 1 (2d Cir. Aug. 28, 2012); *Walker* v. *UnumProvident Corp.,* 206 Fed. Appx. 12, 14 (2d Cir. 2006); *Krizek* v. *Cigna Group Ins.,* 345 F.3d 91, 94 (2d Cir. 2003) (noting district court held a *de novo* bench trial); *DeFelice* v. *American Int'l Life Assur. Co. of N.Y.,* 112 F.3d 61 (2d Cir. 1997).  Those cases are inapposite because the standard of review applied was *de novo,* where the court may accept evidence outside of the administrative record for "good cause."  *See Locher* v. *Unum Life Ins. Co. of Am.,* 389 F.3d 288 (2d Cir. 2004).[1]

Cacoperdo's argument is also inconsistent with the Second Circuit's holding in *Miller* v. *United Welfare Fund,* 72 F.3d 1066, 1071-72 (2d Cir. 1995) that a reviewing court "must remand to the Trustees with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a 'useless formality.'"  This rule has been followed by district courts in this Circuit for more than 15 years.  (*See* Def's MOL, pp. 12-13).

While Cacoperdo argues that in *Miller,* the Second Circuit considered evidence outside of the administrative record, this argument misses an important distinction.  In *Miller,* the Second Circuit considered extra-record deposition testimony, but only with respect to whether a procedural violation had occurred.  The Second Circuit unequivocally held in *Miller* that "a district court's review under the arbitrary and capricious standard is limited to the administrative record." *Miller,* 72 F.3d at 1071.  The deposition testimony was only

---

[1] In *Locher,* the Second Circuit noted that even in *de novo*  review cases, there is a presumption *against* accreting the record with new material, which can be overcome only by showing "good cause." *Id* at 294.

NY/1165354v1

considered by the court to confirm that the defendant did not consider certain evidence in the administrative record, which was a procedural violation. *See Miller*, 72 F.3d at 1072. The Second Circuit did not consider any evidence outside of the administrative record on the issue of whether the plaintiff's claim for health benefits should have been approved. Rather, the Second Circuit remanded the claim back to the claim fiduciary for further consideration in light of evidence suggesting it had failed to consider material proof. *Id.* at 1074.

To the extent there was any remaining question about whether extra-record testimony is admissible in an arbitrary and capricious review case, it was answered by the Second Circuit's ruling in *Richard* v. *Fleet Financial Group Inc. LTD Employee Benefits Plan*, 367 Fed. Appx. 230, 233 (2d Cir. 2010). In *Richard*, the Second Circuit explained that deposition testimony is "not admissible to challenge the merits of the administrator's decision[; but] extra-record evidence might sometimes be admissible to assist procedural inquiries. . ." *See also Testa* v. *Hartford Life Ins. Co.*, No. 08–CV–816 (FB)(RER), 2011 WL 795055, *6, n.6 (E.D.N.Y. 2011) *aff'd* __ Fed.Appx. __, 2012 WL 1701332 (2d Cir May 16, 2012).

Cacoperdo also cites *Veryzer* v. *American International Life Assur. Co. of NY*, 468 Fed. Appx. 72 (2d Cir. 2012) as support for his argument that the district court may consider evidence outside of the administrative record to determine whether the claim administrator's decision was arbitrary and capricious, but again he misstates the court's holding in that case. In *Veryzer*, the insurance company had paid LTD benefits to the plaintiff under the Plan's mental-nervous disability provision that limited benefits for such conditions to twenty-four months. The plaintiff argued that his benefits should not have been limited by the mental-nervous limitation because he actually suffered mercury poisoning from Hepatitis A and B vaccinations. *See Veryzer*, 765 F.Supp.2d 422, 423 (S.D.N.Y. 2011). The district court found that the insurer's determination was arbitrary and capricious because, in the court's opinion, the evidence demonstrated a basis for finding that the plaintiff was disabled by mercury poisoning. *Id.* at 433. In addition to his LTD claim, the plaintiff was also pursuing a claim for damages from the federal government for alleged mercury poisoning, which was handled as an administrative proceeding subject to a review by the federal district court. *See Veryzer* v. *Secretary of Health And*

*Human Servs.*, 100 Fed. Cl. 344 (Fed. Cl. 2011). The Court of Federal Claims issued an opinion evaluating much of the same evidence contained in the insurance company's administrative record, and found that it did not establish a causal link between the alleged mercury poisoning and the plaintiff's claimed psychological impairment. *Id.* at 356. Meanwhile, the defendant appealed the district court's ruling, and on appeal, the Second Circuit noted its "skepticism" about that ruling, in part, based on the Federal Court of Claim's opinion. The Second Circuit therefore vacated the district court's judgment in favor of the plaintiff and remanded the matter to the district court with instructions to either exercise its discretion to consider the Federal Court of Claim's opinion or to remand the claim to the insurance company "allowing both parties to supplement the record as each sees fit." *Veryzer,* 468 Fed. Appx. at 73 (citing *Miller,* 72 F.3d at 1074). Therefore, the Second Circuit did not encourage the district court to accept extra-record material, it provided a means whereby the Plan could consider new information on remand, if the parties agreed to such additional consideration.

Similarly, in *Krauss* v. *Oxford Health Plans, Inc.,* 517 F.3d 614 (2d Cir. 2008), which Cacoperdo also cites as support, the Second Circuit did not hold that a district court may consider extra-record evidence to determine whether the claim administrator's determination was arbitrary and capricious. In *Krauss,* the plaintiff claimed that the insurance company breached its ERISA fiduciary duty because it "mishandled [his] claim through nondisclosure, misleading statements and untimely responses." *Id.* at 630. The Second Circuit considered the information in question and held that the payment policy relied on by the insurance company to decide the plaintiff's claim did not violate any ERISA fiduciary duty.

Importantly, Cacoperdo has not identified any published decision from the Second Circuit allowing a plenary *de novo* trial in an ERISA benefit case governed by the arbitrary and capricious review standard. Nor has he identified any case that has overturned the Second Circuit's dispositive holding in *Miller, supra.* Thus, it is controlling law that this Court may not accept extra-record evidence to challenge Hartford's decision-making nor may it hold a plenary *de novo* trial on the issue of whether Cacoperdo was disabled under the terms of the governing ERISA Plan.

NY/1165354v1

While Cacoperdo argues that Hartford's submission of the Declarations of Bruce Luddy, Hartford's Director of Litigation and Appeals, and Juan Mendez, the Hartford Appeals Specialist that decided Cacoperdo's administrative appeal of the denial of his claim for LTD benefits, in support of its summary judgment motion was inconsistent with this limited scope of review, his argument misses the point.  Neither Declaration was submitted to accrete the administrative record concerning Cacoperdo's claimed disability.  Rather, Mr. Mendez's Declaration authenticated the administrative record, which Cacoperdo himself relied on in his cross-motion for summary judgment, and demonstrated the affirmative steps Hartford took to limit the influence of financial conflict of interest on his claim determination.  Mr. Luddy's Declaration also explained the active steps Hartford takes to reduce the influence of financial conflict of interest and to promote accuracy in its claims administration.  Such proof has always been accepted on the conflict of interest issue.  Indeed, this evidence was found to be relevant by the U.S. Supreme Court in *Metropolitan Life Insurance Company* v. *Glenn*, 554 U.S. 105, 117 (2008).  In *Glenn*, the Court stated that the conflict of interest issue "should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision-making irrespective of whom the inaccuracy benefits."  *Id.*

Furthermore, the Second Circuit specifically endorsed the district court's review of similar declarations for the purpose of weighing the potential effect of conflict of interest.  In *Fortune* v. *Group Long Term Disability Plan for Employees of Keyspan Corp.*, 637 F.Supp.2d 132, 144 (E.D.N.Y. 2009), the district court considered whether Hartford's decision-making was influenced by a financial conflict of interest, and considered the Declarations of the Hartford Appeals Specialist and Director of Litigation and Appeals, and found:

> Here, the Court is satisfied that Hartford has taken active steps to cure any structural conflict of interest. Hartford has effectively "walled-off" claims examiners from the company's finance department by ensuring that an examiner's compensation is not determined by reference to his or her record in denying claims. Hartford has also created a check against the arbitrary denial of claims and sought to promote accuracy by maintaining a separate appeal unit that independently considers claims that were denied upon initial review. *See Glenn*, 128 S.Ct. at 2351 (noting that an administrator can cure a potential conflict of interest "by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate

decisionmaking irrespective of whom the inaccuracy benefits."). Accordingly, in this case, the alleged structural conflict of interest carries no weight in the Court's review of Hartford's determination.

On appeal, the Second Circuit affirmed the district court's ruling, noting that "[a]lthough a court must take such a conflict into account and 'weigh [it] as a factor in determining whether there was an abuse of discretion,' we have not limited a court's ability to do so to those instances in which the evidence bearing on the conflict of interest is confined to the administrative record." 391 Fed. Appx. 74, 78-79 (2d Cir. 2010) (citation omitted). Accordingly, the Court may accept relevant evidence outside of the administrative record, but only on the issue of conflict of interest or to assist procedural inquiries.

## POINT IV
## CACOPERDO AGREES THAT THIS COURT SHOULD HOLD A SUMMARY TRIAL ON THE ADMINISTRATIVE RECORD

Regardless of any arguments Cacoperdo makes in opposition to Hartford's motion for reconsideration, he has conceded that a "summary trial" on the stipulated administrative record is appropriate for this case. (Plt's Opp., pp. 9-10). Cacoperdo also agreed that the documents annexed to the Declaration Juan Mendez constitute the complete administrative record. (*Id*). Thus, this Court may hold a "summary trial" on the stipulated administrative record in accord with Second Circuit precedent — essentially a "bench trial on the papers" — to determine whether Hartford's decision-making was based on substantial evidence in the administrative record and not arbitrary and capricious. (*See* Def's MOL, POINT III).

In fact, the only remaining dispute concerns whether the Court should consider extra-record evidence regarding conflict of interest. While Cacoperdo asserts that the Court should also review the deposition transcripts of Bruce Luddy and Juan Mendez in weighing conflict of interest, the Court's Order did not state that Hartford's conflict of interest was a material issue. Specifically, this point was fully-briefed in the parties' competing motions for summary judgment but the Court did not identify it as a material issue of fact for trial. (*See* Doc. No. 73, POINT II, B; Doc No. 78, V; Doc. No. 88, POINT III). Indeed, Hartford provided citations

NY/1165354v1

to ten cases in this Circuit, two of which were affirmed by the Second Circuit, holding that Hartford takes the requisite active steps to reduce the affects of conflict of interest.  (Doc. No. 73, POINT II).

Moreover, Cacoperdo has not designated any portion of the deposition testimony that is purportedly relevant to this Court's consideration of the conflict issue pursuant to Rule 32, FED. R. CIV. P.  There is a process for designating deposition testimony, which Cacoperdo should follow, even in a summary trial.  That process would allow Hartford to object or make counter-designations, if necessary.

## POINT V
### TO THE EXTENT ANY ISSUE REGARDING HARTFORD'S DETERMINATION EXISTS, THE COURT SHOULD REMAND CACOPERDO'S CLAIM TO HARTFORD FOR FURTHER CONSIDERATION

Controlling precedent from the United States Supreme Court and the Second Circuit is clear.  If this Court finds that Hartford's decision-making was arbitrary and capricious, it should remand the claim to Hartford for the parties to submit further evidence unless remand would be a "useless formality."  *Krauss*, 517 F.3d at 630; *see Conkright* v. *Frommert*, 130 S.Ct. 1640,1651 (2010); *Pepe* v. *Newspaper And Mail Deliverers'-Publishers' Pension Fund*, 559 F.3d 140 (2d Cir. 2009). Cacoperdo has not argued that remand would be a useless formality.  Thus, in the event the Court finds on reconsideration that Hartford's decision-making was arbitrary and capricious, it should remand the matter to Harford for further consideration.

## CONCLUSION

For the foregoing reasons, this Court should grant Hartford's motion for reconsideration, grant summary judgment to Hartford, order a summary trial on the administrative record or remand the claim to Hartford for further consideration, identifying the additional evidence the Court believes should be considered.

Dated:  New York, New York
December 5, 2012

Respectfully Submitted,
s/ Michael H. Bernstein
MICHAEL H. BERNSTEIN (MB 0579)
SEDGWICK LLP
*Hartford Life Insurance Company*
225 Liberty Street, 28th Floor
New York, NY 100281
Tel. (212) 422-0202

10

## <u>CERTIFICATE OF SERVICE</u>

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS**

**MOTION FOR RECONSIDERATION** was served via ECF on this 5th day of December, 2012, upon

the following:

> Jason A. Newfield, Esq.
> FRANKEL & NEWFIELD, P.C.
> 585 Stewart Avenue – Suite 312
> Garden City, New York 11530
> Telephone: (516) 222-1600
> ***Attorneys for Plaintiff***


s/John T. Seybert
JOHN T. SEYBERT

Dated:      New York, New York
               December 5, 2012

11